**AFFIRMED and Opinion Filed March 13, 2013.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-12-01522-CR

## EX PARTE KEITH D. ROANE

**On Appeal from the County Court at Law No. 3**
**Collin County, Texas**
**Trial Court Cause No. 003-86164-04**

## MEMORANDUM OPINION
Before Justices Bridges, O'Neill, and Murphy
Opinion by Justice Murphy

Keith D. Roane appeals the trial court's order denying his application for writ of habeas corpus. Appellant has failed to file a brief on appeal. In his application for the writ and his supporting brief, however, he alleged he received ineffective assistance of counsel during his trial before the court. We affirm the trial court's order.

### BACKGROUND

Appellant pleaded not guilty to the misdemeanor offense of driving while intoxicated and elected a trial before the court.[1] The trial court found appellant guilty and assessed punishment at sixty days in the county jail and a $600 fine, but suspended the sentence and placed appellant on community supervision for one year. After appellant filed a writ of habeas corpus and

---

[1] The trial court's judgment erroneously reflects appellant entered a plea of guilty or nolo contendere.

received permission to file an out-of-time appeal, this Court affirmed appellant's conviction in *Roane v. State*, No. 05-09-00927-CR, 2010 WL 3399036 (Tex. App.—Dallas Aug. 31, 2010, pet. ref'd) (not designated for publication).

The State presented evidence that appellant and a female companion decided to go "four-wheeling" in some fields after drinking at a party. During the drive, the female was ejected from the vehicle. Appellant drove the vehicle to an alley and called 911 to summon help. Appellant told conflicting stories to the 911 dispatcher and the responding officer about who was driving at the time of the accident. The officer testified he arrived to find appellant standing outside the vehicle with the keys in his hand and the injured female lying on either the passenger seat or backseat. Appellant admitted to the officer that he had driven the vehicle to the alley. The officer testified appellant exhibited numerous signs of intoxication and failed field sobriety testing. The officer did not see appellant driving or know how much time had elapsed between appellant's drinking and driving.

Appellant alleges in his writ application that counsel failed to advise him that necessity was an affirmative defense to driving while intoxicated and counsel rested without conferring with him to determine whether he desired to testify in his own defense. Had he testified, appellant contends, he could have admitted he drove the vehicle and thus raised the affirmative defense of necessity for the trial court's consideration. Appellant presented no evidence in support of his writ application other than his verification. There also is no record of a hearing or that counsel was given an opportunity to respond to appellant's allegations. The trial court, after reviewing the application, determined appellant was entitled to no relief and denied the application as frivolous.

## APPLICABLE LAW

An applicant for habeas corpus relief must prove the claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Scott*, 190 S.W.3d 672, 673 (Tex. Crim. App. 2006) (per curiam). In reviewing the trial court's order denying habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We will uphold the trial court's ruling absent an abuse of discretion. *See id.*

To prevail on an ineffective assistance claim, appellant must show (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) a reasonable probability exists that, but for counsel's errors, the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *Ex parte Lane*, 303 S.W.3d 702, 707 (Tex. Crim. App. 2009); *see also Riley v. State*, 378 S.W.3d 453, 456 n.5 (Tex. Crim. App. 2012). A defendant's failure to satisfy one prong negates the need to consider the other prong. *Strickland*, 466 U.S. at 697; *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011).

An allegation of ineffective assistance of counsel will be sustained only if it is firmly evidenced in the record; the record also must affirmatively demonstrate the alleged ineffectiveness. *See Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012); *Lopez*, 343 S.W.3d at 142. Without evidence of counsel's considerations, we will presume sound trial strategy, and we will not conclude counsel's performance was deficient unless the conduct was so outrageous that no competent attorney would have engaged in it. *Lopez*, 343 S.W.3d at 142; *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

## ANALYSIS

Appellant has not shown counsel's performance was deficient. The record is silent as to counsel's strategy or reasoning related to whether the facts gave rise to a necessity defense and whether appellant or any other witnesses should have been called to testify. Without a record, appellant's trial attorney has not been given an opportunity to explain his trial strategy. *See Menefield*, 363 S.W.3d at 593 ("Trial counsel 'should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective.'") (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)). Nor has appellant shown that this is one of those extraordinary situations in which the face of the record shows counsel's challenged conduct was so outrageous that no competent attorney would have engaged in it. *Garcia*, 57 S.W.3d at 440. Appellant therefore has failed to demonstrate under the first *Strickland* prong that counsel's performance was deficient. *Lopez*, 343 S.W.3d at 144. Accordingly, we conclude the trial court did not abuse its discretion by denying appellant's application for writ of habeas corpus.

We affirm the trial court's order denying appellant the relief sought by his application for writ of habeas corpus.

_____
MARY MURPHY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121522F.U05

-4-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE KEITH D. ROANE

No. 05-12-01522-CR

On Appeal from the County Court at Law No. 3, Collin County, Texas
Trial Court Cause No. 003-86164-04.
Opinion delivered by Justice Murphy,
Justices Bridges and O'Neill participating.

Based on the Court's opinion of this date, the order of the trial court denying relief on appellant's application for writ of habeas corpus is **AFFIRMED**.

Judgment entered this 13th day of March, 2013.

_____
MARY MURPHY
JUSTICE