# NO. 12-09-00358-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARCUS DEWAYNE MATLOCK,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Marcus Dewayne Matlock was charged by indictment with sixteen counts of criminal nonsupport. At the conclusion of the trial, the jury found Appellant guilty of all sixteen counts, and assessed his punishment at two years of confinement and a $10,000 fine on each count. After concluding that the jury's finding of guilt on Count I of the indictment was so against the great weight and preponderance of the evidence as to be manifestly unjust, we sustained a portion of Appellant's third issue, reversed the trial court's judgment, and rendered a judgment of acquittal on Count I of the indictment. In all other respects, we affirmed the judgment of the trial court. *See Matlock v. State*, No. 12-09-00358-CR, 2012 WL 426613, at \*10, 12 (Tex. App.—Tyler Feb. 8, 2012).

The court of criminal appeals reversed this court's judgment and remanded the case with instructions for this court to again review the legal (and, if necessary, factual) sufficiency of the evidence supporting the jury's rejection of Appellant's "inability to pay" affirmative defense. *See Matlock v. State*, 392 S.W.3d 662, 665 (Tex. Crim. App. 2013). After due consideration, we sustain Appellant's legal sufficiency argument regarding his affirmative defense to Count I of the indictment, and render a judgment of acquittal.

BACKGROUND

On March 19, 2009, Appellant was charged by indictment with sixteen counts of criminal nonsupport, a state jail felony. Appellant was required to pay his child support on the first of each month during the alleged periods of nonsupport. The indictment alleged that Appellant failed to pay child support on the first of each month from February 2006 through November 2006, in January 2008 and June 2008, and from September 2008 through December 2008. Appellant pleaded "not guilty," and the case proceeded to a jury trial.

At trial, the State[1] showed that Appellant was ordered to pay $191.40 each month beginning on November 1, 1999, as child support for his minor child. The State produced Appellant's payment record from the attorney general's child support disbursement unit and financial activity report from the attorney general's child support enforcement unit. The State also produced a community supervision order showing the amount of Appellant's child support arrearage as of January 31, 2008. The trial court admitted these documents into evidence. Appellant asserted inability to pay as an affirmative defense to Counts I and II. The jury rejected Appellant's affirmative defense, found him guilty of all sixteen counts of criminal nonsupport, and assessed his punishment at two years of confinement and a $10,000 fine on each count. The trial court ordered that the sentences run concurrently. This appeal followed.

## EVIDENTIARY SUFFICIENCY

As part of his third issue on original submission, Appellant contends that the evidence is legally and factually insufficient to support his conviction with regard to Count I (failure to pay child support on February 1, 2006). He argues that he was in jail from March 6, 2005, to March 24, 2006, and that his incarceration established his inability to pay as to Count I.

**Standard of Review**

The constitutional standard of review applies to the elements of an offense that the state must prove beyond a reasonable doubt, but it does not apply to elements of an affirmative defense that the defendant must prove by a preponderance of the evidence. *Brooks v. State*, 323 S.W.3d 893, 924 n.67 (Cochran, J., concurring); *Matlock*, 392 S.W.3d at 667. The standard of

---

[1] This case was prosecuted by the Office of the Attorney General of Texas and the Criminal District Attorney of Smith County, Texas. We will refer to these entities collectively as the State unless a more specific reference is necessary.

review for the legal sufficiency of the evidence to support an adverse finding on an affirmative defense is as follows:

> When an appellant asserts that there is no evidence to support an adverse finding on which [he had] the burden of proof, we construe the issue as an assertion that the contrary was established as a matter of law. We first search the record for evidence favorable to the finding, disregarding all contrary evidence *unless a reasonable factfinder could not*. If we find no evidence supporting the finding, we then determine whether the contrary was established as a matter of law.

*Matlock*, 392 S.W.3d at 669 (adopting the legal sufficiency standard of review as modified in *City of Keller v Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). But in applying this standard, we are aware that "[t]he final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *Id*. at 669 n. 19 (quoting *City of Keller*, 168 S.W.3d at 827).

In applying the standard to this case, our first step is to look for more than a mere scintilla of evidence supporting the jury's implied finding that Appellant had the ability to pay his February 1, 2006 child support. *See Matlock*, 392 S.W.3d at 669; *see also Burns v. Rochon*, 190 S.W.3d 263, 267 (Tex. App.–Houston [1st Dist.] 2006, no pet.) ("More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about a vital fact's existence."). In doing so, we must disregard all evidence of Appellant's inability to pay unless a reasonable fact finder could not do so. *See Matlock*, 392 S.W.3d at 669; *see generally City of Keller v. Wilson*, 168 S.W.3d 802 (Tex. 2005). If no evidence supports the jury's finding that Appellant had the ability to pay his February 1, 2006 child support, then in the second step, we search the record to see if he established, as a matter of law, that he did not have the ability to pay his child support. *See id.*

In this review, jurors are the sole judges of the credibility of the witnesses and the weight to be given their testimony; reviewing courts cannot impose their opinions to the contrary. *City of Keller*, 168 S.W.3d at 819. But the jury's decisions regarding credibility must be reasonable. *Id*. at 820. "Jurors cannot ignore undisputed testimony that is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted." *Id*. The phrase "could have been readily controverted" means the testimony at issue is of a nature that can be effectively countered by opposing evidence.[2] *Riley v. State*, 378

---

[2] Testimony that "could have been readily controverted" does not include, for example, the statements of an interested witness concerning his own state of mind. *Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App.

S.W.3d 453, 457 (Tex. Crim. App. 2012). Moreover, jurors are not free to believe testimony that is conclusively negated by undisputed facts. *See City of Keller*, 168 S.W.3d at 820.

If the record in this case reveals evidence supporting Appellant's affirmative defense that he did not have the ability to pay his February 1, 2006 child support, but that evidence was subject to a credibility assessment and was evidence that a reasonable jury was entitled to disbelieve, we will not consider that evidence in our matter-of-law assessment. *Matlock*, 392 S.W.3d at 670. Thus, whenever reasonable jurors could decide what testimony to discard, a reviewing court must assume they did so in favor of their verdict, and disregard it in the course of a legal sufficiency review. *City of Keller*, 168 S.W.3d at 820.

A reviewing court may conclude that the evidence is legally insufficient to support the jury's rejection of a defendant's affirmative defense only if he establishes on appeal that the evidence conclusively proves his affirmative defense and "that no reasonable jury was free to think otherwise[.]" *Matlock*, 392 S.W.3d at 670. In other words, under the applicable standard, an appellant is entitled to an acquittal on appeal despite the jury's adverse finding on his affirmative defense only if the evidence conclusively establishes his affirmative defense. *Id*. A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *City of Keller*, 168 S.W.3d at 816.

We apply the civil standard when reviewing the factual sufficiency of the evidence supporting an adverse finding on an affirmative defense because the burden of proof is the same as in civil cases–preponderance of the evidence. *See Matlock*, 392 S.W.3d at 671; *Meraz v. State*, 785 S.W.2d 146, 150–51 (Tex. Crim. App. 1990). Therefore, when examining whether Appellant established his factual sufficiency claim, the correct standard of review is whether after considering the entire body of evidence, the jury's adverse finding on his affirmative defense is so against the great weight and preponderance of the evidence as to be manifestly unjust. *See Matlock*, 392 S.W.3d at 671; *Meraz*, 785 S.W.2d at 154–55.

In a factual sufficiency review of the evidence supporting an adverse finding on an affirmative defense, an appellate court must view the entirety of the evidence in a neutral light. *See Matlock*, 392 S.W.3d at 671. But it may not usurp the function of the jury by substituting its judgment in place of the jury's assessment of the weight and credibility of the witnesses'

_____

2012). This is because "mental workings of an individual's mind are matters about which adversaries have no knowledge or ready means of confirming or controverting." *Id*. Such statements are incontrovertible. *Id*.

4

testimony. *See Matlock*, 392 S.W.3d at 671; *Meraz*, 785 S.W.2d at 154. Consequently, an appellate court may sustain a defendant's factual sufficiency claim only if, after setting out the relevant evidence and explaining precisely how the contrary evidence greatly outweighs the evidence supporting the verdict, the court clearly states why the verdict is so against the great weight of the evidence as to be manifestly unjust, conscience shocking, or clearly biased. *See Matlock*, 392 S.W.3d at 671; *Meraz*, 785 S.W.2d at 154 n.2.

## Applicable Law

An individual commits criminal nonsupport if the individual "intentionally or knowingly fails to provide support for the individual's child younger than 18 years of age. . . ." TEX. PENAL CODE ANN. § 25.05(a) (West 2011). An obligor's ability to pay child support is not an element of the offense. *Champagne v. State*, No. 13-11-00657-CR, 2012 WL 2469677, at *3 (Tex. App.—Corpus Christi June 28, 2012, no pet.) (mem. op., not designated for publication). Rather, "[i]t is an affirmative defense to prosecution [for criminal nonsupport] that the actor could not provide support for the actor's child." TEX. PENAL CODE ANN. § 25.05(d) (West 2011). The obligor has the burden of proving the affirmative defense by a preponderance of the evidence. *See id*. § 2.04(d)(West 2011); *Ballard v. State*, 161 S.W.3d 269, 271 (Tex. App.—Texarkana 2005), *aff'd*, 193 S.W.3d 916 (Tex. Crim. App. 2006). Evidence supporting a jury's adverse finding on a defendant's affirmative defense of inability to pay can include (1) ability to work, (2) receipt of income while in jail, (3) payment of child support during past periods of incarceration, and (4) past history of making child support payments from money saved while working. *See Deltuva v. State*, No. 05-05-01325-CR, 2007 WL 1054134, at *12 (Tex. App.–Dallas Apr. 10, 2007, no pet.) (op., not designated for publication) (citing *Howard v. State*, 145 S.W.3d 327, 335-36 (Tex. App.–Fort Worth 2004, no pet.)).

## Evidence of Ability to Pay

In Count I of the indictment, the State alleged that Appellant failed to pay child support on February 1, 2006. At trial, the State called three witnesses: the Smith County District Clerk, an employee of the Office of the Attorney General of Texas (OAG), and the mother of the child for whom the child support was ordered. Appellant also called three witnesses: the chief deputy of the Smith County Sheriff's Office jail division, a local attorney, and a Smith County probation officer. Appellant also testified. None of these witnesses provided any testimony or other evidence supporting the jury's implied finding that Appellant had the ability to pay his

February 1, 2006 child support. The State disagrees, asserting that Appellant testified he was working in February 2006. However, the record reflects that his testimony was not so definite. The prosecutor asked Appellant on cross examination whether he paid child support on February 1, 2006, to which Appellant replied "I don't know." He then explained that "at that time I think I was at the prayer center [a rehabilitation center]. And if I was, I was working and they was supposed to . . . have sent it."

Moreover, in conducting our review, we are mindful that jurors are not free to believe testimony that is conclusively negated by undisputed facts. *See City of Keller*, 168 S.W.3d at 820. Appellant introduced his "book-in, book-out sheet" into evidence through Chief Deputy Gary Pinkerton, who was the custodian of the records for individuals booked into the Smith County Jail. This document shows that Appellant was confined in the Smith County Jail from March 6, 2005, until March 24, 2006. Additionally, Appellant's probation officer, Kasey Quesada, testified that Appellant submitted himself to the Family Prayer Center on July 14, 2006. She also verified that Appellant was "incarcerated" from March 6, 2005, through March 24, 2006.

Neither the State nor the OAG disputed the authenticity or the accuracy of the book-in sheet or the veracity of Pinkerton's or Quesada's testimony. Therefore, even if we assume that Appellant's testimony can be interpreted as a statement that he was working on February 1, 2006, this testimony was conclusively negated by undisputed facts. Consequently, the jury could not have credited Appellant's testimony in favor of its implied finding and we do not consider it in our review. *See City of Keller*, 168 S.W.3d at 820 (jurors not free to believe testimony that is conclusively negated by undisputed facts); *Matlock*, 392 S.W.3d at 669 (standard of review for legal sufficiency requires evidence contrary to jury's finding to be disregarded unless a reasonable fact finder could not).

Based upon our review of the evidence that we are authorized to consider in the first step of our analysis, we conclude that the record contains no evidence to support the jury's implied finding that Appellant had the ability to pay his February 1, 2006 child support. Accordingly, we now address whether Appellant conclusively established his affirmative defense of inability to pay child support on February 1, 2006. *See Matlock*, 392 S.W.3d at 669.

## Evidence of Inability to Pay

In support of his affirmative defense, Appellant introduced his Smith County Jail "book-in, book-out" sheet into evidence.[3]  This document showed that between February 11, 1995, and June 4, 2009, Appellant had been confined in the Smith County Jail seven times and arrested but not confined six times. The offenses included harassment, "DWLS," misdemeanor theft, driving while intoxicated, family violence assault, nonpayment of child support, interference with an emergency call, and burglary of a habitation.  At the time his February 1, 2006 child support was due, he had been confined in the Smith County Jail just short of eleven months (since March 6, 2005).

Appellant testified that he has six children–three with his wife and three others for whom he is ordered to pay child support.  He admitted that he had used marijuana and other drugs as well as alcohol.  He explained that he had not paid his February 1, 2006 child support because he "didn't have no money.  Nobody would give me money."  He stated that he did not have a job while he was in jail and that nobody would pay his child support for him or give him the money to pay it.  He had asked his uncle, who is a dentist, to help him pay his child support, but his uncle gave him "[z]ero," even though Appellant told him he would pay him back.

Kasey Quesada testified that she supervised Appellant during the five years he was on community supervision (from May 2003 until February 21, 2008) for nonpayment of child support.  When asked, she declined to categorize him as a "reasonably good probationer."  She recounted that he "has a drug addiction," "relapsed multiple times," and that she "assume[d] it was his drug addiction that kept him from paying his child support as ordered."  She also testified that the judge who placed Appellant on community supervision had ordered him to treatment "a couple of different times" and that Appellant had voluntarily submitted himself to two different hospitals to obtain treatment for depression.

Chief Deputy Gary Pinkerton testified that jail inmates cannot receive any money for the jobs they may do in jail.  And finally, Peter Milne, a local attorney, testified that he was appointed to represent Appellant for nonpayment of child support between 2005 and 2007.  Appellant was entitled to appointed counsel "because he qualified as an indigent person."  Milne recalled that Appellant was "incarcerated" when he was appointed to represent him, but was

---

[3]  At the time Appellant introduced this document, he was acting as his own counsel.  He later agreed that his court-appointed attorney should resume his representation.

ultimately released on the condition that he stay at the Family Prayer Counseling Center. Milne described the prayer center as an intensive treatment program for ninety days and then an aftercare program.

Neither the OAG nor the State introduced any evidence to controvert Appellant's testimony or that of any of his witnesses. Although Appellant was subjected to a rigorous cross examination by the prosecutor, he steadfastly maintained that he had no money, and could not obtain any money, to pay his February 1, 2006 child support. And nothing to the contrary was elicited from any of Appellant's witnesses on cross examination.

The State urges that the jury was entitled to believe Appellant had the ability to pay his February 1, 2006 child support because he said he was working in February 2006. We addressed that testimony in the preceding section and determined that other evidence conclusively proved Appellant was in jail in February 2006. Therefore, the jury was not entitled to believe otherwise. The State also contends that Appellant presented no evidence to satisfy his burden to prove he had no savings. But by his testimony that he did not have any money and could not get any money to pay his child support, Appellant represented, in substance, that he did not have any money available from any source, including savings. Therefore, we reject this argument. But our analysis does not end here.

Appellant's testimony, and the testimony of his witnesses, was subject to a credibility assessment. As we stated earlier, jurors are the sole judges of the credibility of the witnesses and the weight to be given their testimony, and we cannot impose our opinions to the contrary. *City of Keller*, 168 S.W.3d at 819. But the jury's decisions regarding credibility must be reasonable. *Id*. at 820. After reviewing the evidence supporting Appellant's inability to pay affirmative defense, but before addressing credibility, we are persuaded that he has conclusively established his affirmative defense. *See id*. at 816 (matter conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence). Because the jury reached a contrary conclusion, we must assume that the jury discarded Appellant's testimony in favor of its implied finding that he had the ability to pay his February 1, 2006 child support. *See City of Keller*, 168 S.W.3d at 820 ("[W]henever reasonable jurors could decide what testimony to discard, a reviewing court must assume they did so in favor of their verdict and disregard it in the course of legal sufficiency review."). After further analysis, we conclude that the jury was not entitled to do so.

Appellant testified that (1) he had no money to pay his February 1, 2006 child support, (2) no one would give him any money to pay it, (3) no one would pay it for him, and (4) he asked his uncle for money to pay it, but was refused. This testimony is clear, positive, direct, and free from contradictions and inconsistencies. *See id.* His statements about his lack of funds and resources could have been effectively countered by opposing evidence. *Cf. Riley*, 378 S.W.3d at 457 (witness's state of mind not type of evidence that can be readily controverted). Yet neither the OAG nor the State presented any testimony or introduced other evidence that suggested Appellant had the money or could have obtained the money to pay his February 1, 2006 child support.[4]

Other witnesses called by Appellant testified that Appellant had a "drug addiction," had multiple relapses between 2003 and 2008, had been ordered to treatment twice by the judge, was ordered to treatment for his drug addiction as a condition of his release from jail on March 24, 2006, and had twice voluntarily submitted to treatment for depression. Another witness informed the jury that Appellant had been found indigent during a two year period that included February 1, 2006. And his book-in sheet showed that he had a significant criminal history and was confined in the Smith County Jail from March 6, 2005, until March 24, 2006.

Appellant's testimony that he had no money and could not obtain any money from anyone is consistent with his personal history as described by these witnesses and his book-in sheet. None of this evidence was disputed. Therefore, Appellant's testimony regarding his inability to pay was "otherwise credible." *City of Keller*, 168 S.W.3d at 820.

A jury is not free to ignore "undisputed testimony that is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted." *City of Keller*, 168 S.W.3d at 820. Appellant's testimony satisfies these requirements.

In summary, no evidence supports the jury's implied finding that Appellant had the ability to pay his February 1, 2006 child support. Appellant conclusively proved his affirmative defense, and the jury was not entitled to discard his testimony in favor of its implied finding.

---

[4] As an aside, we note that the OAG's counsel told the jury that "I'm not going to be upset or disagree with you if you decide that for those entire three months [February, March, and April 2006] he gets a pass [because he was in jail]." Later in his argument, the OAG's counsel told the jury that "the only one of those [months during which he was in jail and did not pay child support that] I think is going to give you any question about, you know, again if you think being in jail is an excuse - and again, I'm not going to quarrel with you - that then gives him February [2006]."

Therefore, we hold that the evidence is legally insufficient to support the jury's implied finding that Appellant had the ability to pay the portion of his February 1, 2006 child support. Accordingly, we sustain Appellant's third issue on original submission pertaining to his conviction on Count I of the indictment.

## DISPOSITION

Having sustained a portion of Appellant's third issue on original submission (the sole issue for our consideration on remand), we *reverse* the judgment of the trial court as to Count I of the indictment and *render* a judgment of acquittal. Because we have held that the evidence is legally insufficient to support the jury's implied finding as to Count I, we need not address Appellant's factual sufficiency argument. *See* TEX. R. APP. P. 47.1.

### SAM GRIFFITH
Justice

Opinion delivered March 31, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

10



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 31, 2014**

**NO. 12-09-00358-CR**

**MARCUS DEWAYNE MATLOCK,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-0356-09)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment, it is ORDERED, ADJUDGED and DECREED by this Court that the judgment of the trial court below as to Count I of the indictment **be reversed** and a judgment of **acquittal** be **rendered**, and the same is, hereby entered herein in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*