

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. PD-1531-11

**BILLY DEE RILEY, JR., Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE SIXTH COURT OF APPEALS BOWIE COUNTY

**JOHNSON, J., delivered the opinion for a unanimous Court.**

### O P I N I O N

Appellant asserted on appeal that, because of his trial counsel's ineffective assistance, he was denied an opportunity to be placed on deferred-adjudication community supervision. The court of appeals agreed and sustained that complaint. We reverse and remand.

A fight broke out at a New Year's Eve party at a local night club known as the "Expo." During the fracas, appellant was "pretty badly" beaten by a group of men. Immediately after the fight, appellant went to his car and retrieved a gun from the console and returned to the night club. Shooting started and, amid a number of guns being fired, appellant shot and killed an unarmed

person. A grand jury presented an indictment that charged appellant with murder.

Appellant's attorneys informed him before trial that he would be eligible for probation[1] from the jury in the event that he was convicted of murder. Appellant elected a jury trial for both guilt and punishment. The jury charge at the guilt phase included instructions on murder, the lesser-included offense of manslaughter, and self-defense. The jury convicted appellant of murder and assessed 50 years' imprisonment as punishment. During the punishment stage, defense counsel focused on probation.

At the charge conference, after appellant had been convicted and the punishment evidence had been presented, defense counsel learned that appellant was not eligible for probation. Appellant subsequently gave timely notice of appeal and filed a motion for new trial, claiming ineffective assistance of counsel. At the hearing on appellant's motion for new trial, one of appellant's three trial attorneys testified that the defense team had not been aware that appellant was ineligible for probation if convicted of murder by a jury. Appellant's lead counsel filed an affidavit stating that each member of the defense team advised appellant that he would be eligible for probation if convicted of murder. Neither the prosecutor nor the judge commented on appellant's ineligibility for probation if convicted of murder, but the subject of probation was raised during voir dire because of the possibility of conviction of a lesser-included offense.

Appellant submitted an affidavit stating that he had never before been convicted of a felony in any state or federal court[2] and that, had his trial attorneys not given him erroneous advice

---

[1] We note that in 1993 the statutory term for probation was changed to community supervision. Both terms refer to the same process and will be used interchangeably in this opinion. *State v. Posey*, 330 S.W.3d 311, 312 n.1 (Tex. Crim. App. 2011).

[2] TEX. CODE CRIM. PROC. art. 42.12, § 4(e).

concerning his eligibility for probation, he would have entered an open plea of *nolo contendere* to the trial court in the hopes that the trial court would grant deferred-adjudication probation pursuant to Texas Code of Criminal Procedure art. 42.12, § 5.[3] The trial court denied appellant's motion for new trial.

The court of appeals reversed appellant's conviction,[4] finding that defense counsel's advice regarding the availability of a recommendation of community supervision from a jury constituted ineffective assistance of counsel under *Strickland v. Washington;*[5] defense counsel's failure to advise appellant that he was ineligible for community supervision if found guilty of murder was not due to any reasonable trial strategy[6] and that counsel's advice foreclosed any opportunity for appellant to be given community supervision.[7] The state did not contest appellant's affidavit, which stated that appellant would have plead *nolo contendere* and would have asked the trial court for deferred-adjudication community supervision. Therefore, the court of appeals found that "there was a reasonable probability that the result of the proceeding would have been different absent the erroneous advice," that appellant has fulfilled his burden under both prongs of *Strickland*, and that

---

[3] Tex. Code Crim. Proc. art. 42.12, § 5, states that the judge may, after receiving a plea of guilty or plea of nolo contendere, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision.

[4] *Riley v. State*, 345 S.W.3d 413 (Tex. App.—Texarkana 2011, pet. granted).

[5] *Strickland v. Washington*, 466 U.S. 668 (1984). The *Strickland* standard requires that appellant prove that: 1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms; and 2) the deficient performance prejudiced the defense. Texas adopted this standard two years later in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986).

[6] *Riley*, 345 S.W.3d at 417-418.

[7] *Id*. at 419.

the trial court should have granted appellant's motion for new trial.[8]

The state concedes that appellant has proven the first prong of *Strickland*, acknowledging that defense counsel's advice was erroneous and not based upon any reasonable trial strategy, but it argues that the way in which counsel's advice affected appellant's plea is a question of fact that depends on credibility and demeanor. In its sole ground for review, the state argues that the court of appeals erred by accepting appellant's factual assertions to establish the second prong of *Strickland*, contrary to the trial court's implicit finding that these assertions of fact were not true. Thus, the appellate court should have deferred to the trial court's implicit findings. The state contends that the trial court was entitled to disbelieve appellant's affidavit, which was not subject to cross examination, and that the trial court's findings were reasonable in light of the evidence presented.

## Standard of Review

Appellant made his claim of ineffective assistance of counsel in a motion for new trial. We therefore must determine whether the court of appeals erred in reversing the trial court's denial of that motion. An appellate court reviews a trial court's denial of a motion for new trial for an abuse of discretion, reversing only if the trial judge's opinion was clearly erroneous and arbitrary.[9] A trial court abuses its discretion if no reasonable view of the record could support the trial court's ruling.[10] This deferential review requires the appellate court to view the evidence in the light most favorable

---

[8] *Id*. at 420.

[9] *Freeman v. State*, 340 S.W.3d 717, 732 (Tex. Crim. App. 2011); *Gonzales v. State*, 304 S.W.3d 838, 842 (Tex. Crim. App. 2010).

[10] *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007); *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004).

to the trial court's ruling.[11] The appellate court must not substitute its own judgment for that of the trial court and must uphold the trial court's ruling if it is within the zone of reasonable disagreement.[12] "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."[13]

This same deferential review must be given to a trial court's determination of historical facts when it is based solely on affidavits, regardless of whether the affidavits are controverted.[14] The trial court is free to disbelieve an affidavit, especially one unsupported by live testimony.[15]

> The Texas Rules of Civil Procedure state that affidavits from an interested party may establish a fact for summary-judgment purposes only if that evidence is "clear, positive and direct, otherwise credible, and free from contradictions and inconsistencies, and could have been readily controverted." The phrase "could have been readily controverted" means "the testimony at issue is of a nature which can be effectively countered by opposing evidence." Statements in affidavits of interested witnesses concerning their own state of mind are "uncontrovertible" because "the mental workings of an individual's mind are matters about which adversaries have no knowledge or ready means of confirming or controverting." A trial judge has discretion to discount factual assertions in an affidavit by an interested party that do not meet this test. And an appellate court, in its review, must defer to the trial court's ruling to the extent that any reasonable view of the record evidence will support that ruling.[16]

Both the performance and prejudice prongs of the *Strickland* ineffectiveness inquiry are

---

[11] *Charles v. State*, 146 S.W.3d at 208.

[12] *Webb*, 232 S.W.3d at 112; *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004).

[13] *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985) (citing *United States v. Yellow Cab Co.*, 338 U.S. 338, 342 (1949)).

[14] *Charles*, at 208; *see Anderson*, 470 U.S. at 574.

[15] *Kober v. State*, 988 S.W.2d 230, 234 (Tex. Crim. App. 1999) ("First, Cardenas' refusal to testify at the motion for new trial hearing was sufficient grounds for disregarding her affidavit. A witness' unwillingness to support her affidavit with live testimony itself could be considered evidence that the affidavit is untrue.").

[16] *Charles*, at 210 (internal citations deleted).

mixed questions of law and fact,[17] but the prejudice prong often contains "subsidiary questions of historical fact, some of which may turn upon the credibility and demeanor of witnesses."[18] Appellate courts must show almost total deference to a trial court's findings of historical facts as well as mixed questions of law and fact that turn on an evaluation of credibility and demeanor.[19] To determine if counsel was ineffective during the punishment phase of trial, "the particular circumstances of each individual case must be considered"[20] and the representation viewed in its totality.[21]

The prejudice prong, as it relates to a defendant's challenge of the voluntariness of a plea based on the incorrect advice of counsel, requires a showing that, but for counsel's errors, there was a reasonable probability that the result of the proceedings would have been different.[22] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[23] When the claim of ineffectiveness relies upon counsel's misunderstanding of the law regarding community supervision, there must be evidence that: the defendant was initially eligible for community supervision; counsel's advice was not given as a part of a valid trial strategy; the defendant's election of the assessor of punishment was based upon his attorney's erroneous advice; and the results of the

---

[17] *Strickland*, 466 U.S. at 698.

[18] *Kober v. State*, 988 S.W.2d at 233.

[19] *Miller v. Felton*, 474 U.S. 104, 114-115 (1985); *State v. Krizan-Wilson*, 354 S.W.3d 808, 815 (Tex. Crim. App. 2011); *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997).

[20] *Ex parte Gallegos*, 511 S.W.2d 510, 511 (Tex. Crim. App. 1974) (citing *Avery v. Alabama*, 308 U.S. 444 (1939).

[21] *State v. Recer*, 815 S.W.2d 730, 731 (Tex. Crim. App. 1991).

[22] *Ex parte Rogers*, 369 S.W.3d 858, 863 (Tex. Crim. App. 2012).

[23] *Strickland*, at 694.

proceeding would have been different had his attorney correctly informed him of the law.[24]

## Analysis

It is apparent that counsel's performance in giving incorrect advice regarding probation was deficient; appellant has thus met his burden under the first prong of *Strickland*. But the analysis of the prejudice prong turns on whether the deficiency made any difference to the outcome of the case.

In this case, the court of appeals needed to determine whether there was a reasonable probability that the result of the proceedings would have been different had counsel accurately advised appellant. Pursuant to the *Recer* factors, the court of appeals correctly found that counsel misunderstood the law regarding community supervision, that the advice to appellant was not based on a valid trial strategy, and that appellant was initially eligible to be considered for deferred-adjudication community supervision[25] from the trial court.[26] However, the court of appeals's finding that the record "conclusively" showed that the result of the proceeding would have been different, given nothing more than the affidavits provided by appellant and his counsel, overstates the case.

Appellant asserts that, had he elected to plead guilty or *nolo contendere* to the trial court, the trial court might have reviewed the submitted evidence and found appellant not guilty, guilty of murder, or guilty of a lesser offense. However, regardless of whether appellant elected to proceed with a jury or plead guilty or *nolo contendere* to the trial court, the same possible results were

---

[24] *See Recer*, 815 S.W.2d at 731-732; *see also Mercado v. State*, 615 S.W.2d 225 (Tex. Crim. App. 1981). Based upon the erroneous advice of counsel, Recer chose to be sentenced by the trial court rather than by the jury. *Riley*, 345 S.W.3d at 418, n.3. Based upon counsel's advice, appellant in this case chose to have the jury assess punishment. While it presents a different factual scenario, we find that *Recer* is analogous and its test informative and appropriate for the case at hand.

[25] TEX. CODE CRIM. PROC. art. 42.12, § 5.

[26] *Riley*, at 419.

available. Appellant argues that only one strategy would have left open the availability of probation if convicted of murder, and it was foreclosed by the defense team's misunderstanding of the law.[27] Therefore, appellant alleges, he would have plead to the trial court instead of electing a jury on guilt and punishment.[28]

Appellant raised the prejudice issue before the trial judge at the hearing on his motion for new trial, but the trial judge denied the motion. We must presume that all findings made by the trial judge were made in favor of the prevailing party, and hence, we assume that the trial judge implicitly found that there was no reasonable probability that the result of the proceedings would have been different. This finding is a mixed question of law and fact requiring credibility decisions by the trial court; the trial court is the sole factfinder and judge of appellant's and counsel's credibility at the motion for new trial hearing, both during live testimony and in affidavits. The trial court did not have to accept appellant's claim that he would have changed his plea had he received correct advice, but even if the trial court accepted that assertion, the issue remains whether correct advice would have changed the result of the proceeding.

It is the role of the court of appeals, and now of this Court, to determine whether any reasonable view of the record, viewed in the light most favorable to the trial court's ruling, could

---

[27] We note that the only possibility of a grant of probation of any kind was pursuant to Tex. Code Crim. Proc. art. 42.12, § 5(d)(4) ("the judge may grant deferred adjudication unless: . . . (4) the defendant is charged with an offense under Section 19.02, Penal Code [murder], except that the judge may grant deferred adjudication on determining that the defendant did not cause the death of the deceased, did not intend to kill the deceased or another, and did not anticipate that a human life would be taken."). All other forms of community supervision were foreclosed. *See* TEX. CODE CRIM. PROC. art. 42.12, § 3(g)(a)(1)(A) (judge) and § 4(d)(8) (jury).

[28] The state correctly notes that, even if appellant had elected to have a bench trial, pursuant to Tex. Code Crim. Proc. art. 1.13, the state is entitled to refuse to waive a jury trial, thereby preventing a defendant from pleading open to a judge. ("The defendant . . . shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that . . . the waiver must be made . . . with the consent and approval of the court, and the attorney representing the state.")

support the trial court's implicit findings. As Justice Carter noted in his dissenting opinion, appellant vigorously contested the murder charge, urging self-defense and reduction of the charge by a finding of sudden passion.[29] While it is possible that the trial court could have considered the evidence submitted in a plea of guilty or *nolo contendere* and found appellant guilty of a lesser-included offense, by pleading guilty to murder appellant would have waived his opportunity to argue these possible defenses and hold the state to its burden of proof.[30]

At the hearing on appellant's motion for new trial, one of appellant's trial attorneys confirmed that appellant's strategy at trial was to claim self-defense.[31] Counsel admitted that he was unaware of any murder case in which a defendant, without a plea bargain, plead open to the trial court and received deferred-adjudication probation and that he has never advised a client to use such a strategy.[32] Both the defense counsel and the prosecutor questioned the venire members regarding probation during voir dire, but the prosecutor testified during the hearing on appellant's motion for new trial that this line of questioning on voir dire was necessary because the jury could have convicted appellant of the lesser-included offense included in the jury charge, in which case he would have been eligible for probation.[33] Finally, on punishment, while the defense team called a probation officer to introduce evidence about appellant's good behavior while he was released on

---

[29] *Riley*, at 421 (Carter, J., dissenting).

[30] *Id*.

[31] IV R.R. at 11-14.

[32] *Id*. at 8-13.

[33] *Id*. at 20.

a personal-recognizance bond,[34] this evidence could have been viewed—and was so viewed by the trial judge[35]—as mitigation evidence that could reduce the length of punishment assessed by the jury.

**Conclusion**

Viewing the evidence in the light most favorable to the trial court's ruling, we find that, while appellant has shown deficient performance by trial counsel, he has failed to prove that, had defense counsel properly informed appellant of his ineligibility for probation, there is a reasonable probability that his trial would have produced a different result. Appellant thus has failed to meet his burden under the second prong of *Strickland*, and the trial court properly denied appellant's motion for new trial that was based on his claim of ineffective assistance.

We reverse the judgment of the court of appeals. Because the court of appeals found this issue to be dispositive and therefore did not address appellant's remaining points of error, we remand this cause to the court of appeals for further proceedings consistent with this opinion.

Delivered: September 19, 2012
Publish

---

[34] *Id.* at 245-248.

[35] VI R.R. at 24 (". . . in terms of punishment evidence that was put on, in the—at least in the opinion of the Court it certainly was mitigation that was put on through the witnesses. It's just that the jury assessed the punishment that they deemed fit and proper and again, was accepted by the Court.").