**AFFIRM; Opinion Filed April 16, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00558-CR

## BRADLEY DEAN HENSLEY, Appellant
V.
## THE STATE OF TEXAS, Appellee

On Appeal from the 15th Judicial District Court
Grayson County, Texas
Trial Court Cause No. 059872

## MEMORANDUM OPINION
Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice Moseley

Bradley Dean Hensley pleaded guilty to one count of aggravated assault with a deadly weapon. Asserting a single issue on appeal, Hensley argues he received ineffective assistance of counsel in violation of his Sixth Amendment rights. The background and facts of the case are well known to the parties; thus, we do not recite them here. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

After entering Hensley's guilty plea, the trial court deferred adjudication of guilt and placed Hensley on community supervision. Approximately a year later, the State filed a motion to proceed with an adjudication of guilt alleging Hensley violated the terms of his community supervision. The State later amended its motion to allege Hensley violated additional terms of

his community supervision.  Hensley entered an open plea of true to the allegations in the State's motion.  Following a punishment hearing, the trial court adjudicated Hensley guilty on his original plea and sentenced him to eight years' confinement.  Hensley filed a motion for new trial asserting ineffective assistance of counsel during the adjudication process.  Following a hearing, the trial court denied Hensley's motion.  Hensley appealed.

Hensley argues he receive ineffective assistance of counsel at his punishment hearing because his attorney failed to: (1) have Hensley examined by a psychiatrist; (2) enroll Hensley in a rehabilitation program; (3) seek discovery from the State; (4) engage the State to negotiate an agreed sentence; (5) call two witnesses whose testimony would have supported Hensley; and (6) investigate whether an adverse witness would testify favorably for Hensley before calling the witness.

We review a trial court's denial of a motion for new trial for an abuse of discretion, "reversing only if the trial judge's opinion was clearly erroneous and arbitrary."  *See Riley v. State*, 378 S.W.3d 453, 456 (Tex. Crim. App. 2012).  A trial court abuses its discretion "if no reasonable view of the record could support the trial court's ruling."

To successfully assert an ineffective assistance of counsel challenge, an appellant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defendant.  *See Andrews v. State,* 159 S.W.3d 98, 101 (Tex. Crim. App. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).  Our review of counsel's performance is highly deferential and we assume counsel's conduct fell within the wide range of reasonable professional assistance.  *See id.*  An ineffective assistance claim must be "firmly founded in the record," and the record must "affirmatively demonstrate" the claim has merit.  *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

Even if we were to assume Hensley made a sufficient showing that his counsel's representation was deficient, Hensley failed to show any prejudice to his defense. Hensley's argument on appeal is that "[h]ad [counsel] acted in the role of competent counsel it is likely Mr. Hensley would have received a lesser sentence than what was received because the [c]ourt was not presented with facts that were favorable to Mr. Hensley." There are no facts in the record to support this argument. *See id.* Thus, Hensley failed to show a reasonable probability that but for counsel's alleged errors the result would have been different. *See Andrews*, 159 S.W.3d at 101.

Because Hensley failed to meet his burden, we conclude the trial court did not abuse its discretion by denying Hensley's motion for new trial. We overrule Hensley's sole issue on appeal.

We affirm the trial court's judgment.

/Jim Moseley/

JIM MOSELEY
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47
120558F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRADLEY DEAN HENSLEY, Appellant

No. 05-12-00558-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 15th Judicial District
Court, Grayson County, Texas
Trial Court Cause No. 059872-15.
Opinion delivered by Justice Moseley.
Justices O'Neill and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 16th day of April, 2013.

/Jim Moseley/
JIM MOSELEY
JUSTICE