

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-80,325-01

### EX PARTE PAULINO VELASQUEZ-HERNANDEZ, Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### FROM BEXAR COUNTY

JOHNSON, J., delivered the opinion of the Court in which MEYERS, WOMACK, KEASLER, HERVEY, and COCHRAN, JJ., joined. KELLER, P.J., filed a concurring opinion. PRICE, J., concurred. ALCALÁ, J., did not participate.

### O P I N I O N

In this application for writ of habeas corpus, applicant contends that he received ineffective assistance of trial counsel because the admonishments that he received regarding immigration consequences did not satisfy the requirements of *Padilla v. Kentucky*, 559 U.S. 356, 369 (2010). The habeas court issued findings of fact and conclusions of law recommending that we grant relief. We filed and set the writ application for submission and ordered briefs on the issue of whether the admonishments that applicant received from trial counsel and the trial court satisfied the standard announced in *Padilla*: clear consequences require correct advice. After our own review of the record, we find that, even if trial counsel's performance were deficient, applicant suffered no

prejudice as a result. Accordingly, we deny relief.

## I. Background

On November 7, 2008, applicant, a Mexican citizen, was stopped for failing to maintain a single lane and was arrested on suspicion of driving while intoxicated. A search of his person incident to that arrest yielded a small zip-lock bag containing less than one gram of cocaine. On November 10, 2008, applicant received, from the United States Department of Homeland Security (DHS), a Notice to Appear before an immigration judge in regard to removal proceedings. The Notice to Appear cited applicant's illegal entry into the country on or about July 28, 2006, as grounds for the removal proceedings. *See* 8 U.S.C. § 1182(a)(6)(A)(i). It did not mention drug charges. Applicant was indicted on March 30, 2009, for possession of less than one gram of a controlled substance listed in penalty-group one. He was appointed trial counsel on November 9, 2012.[1]

During a meeting on November 14, 2012, trial counsel provided applicant with two documents that were identical except that one was in English and the other in Spanish. These documents stated, among other things, that

> [i]f you are not an American Citizen, I am advising you to either meet with an Immigration Attorney or have a friend or family member meet with an Immigration Attorney.

> If you are not a citizen of the United States of America, a plea of guilty or nolo contendere/no contest for this offense, could result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

Both applicant and trial counsel initialed each admonishment. The trial court also admonished applicant as set out in Code of Criminal Procedure Article 26.13(a)(4) before accepting his plea of no contest.

---

[1] The record offers no explanation for this four-year delay.

> Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of: . . . the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

TEX. CODE CRIM. PROC. art. 26.13(a)(4). Applicant and trial counsel signed the court's admonishments form, and applicant initialed the paragraph concerning citizenship. On January 22, 2013, he entered a plea of no contest to the offense of possessing with intent to deliver less than one gram of a controlled substance listed in penalty-group one, a state-jail felony. TEX. HEALTH & SAFETY CODE §§ 481.102(3)(D), 481.112(a)-(b). In exchange, he was sentenced to eighty-one days of time served in county jail and no fine.[2] *See* TEX. PENAL CODE § 12.44(a). He did not appeal.

In this application for writ of habeas corpus, applicant contends that his plea of no contest was involuntary because his trial counsel rendered ineffective assistance by telling him that his plea *could* impact his immigration status when she should have told him that it *would*. *See Padilla*, 559 U.S. at 369.

After the habeas court received applicant's writ application, it ordered trial counsel to submit an affidavit responding to applicant's claims. After considering the application, as well as affidavits from applicant and trial counsel, the habeas judge issued findings of fact and conclusions of law. The court found the following statements by applicant credible[3]: his trial counsel advised him to plead nolo contendere; she did not advise him with regard to the immigration consequences of that plea; and, had he known that entering a plea of no contest would render him ineligible to apply for

---

[2] Applicant's sentence has discharged, but his writ application is properly before this Court because he alleges ongoing collateral consequences affecting his immigration status. *Ex parte Harrington*, 310 S.W.3d 452, 457 (Tex. Crim. App. 2010).

[3] We defer to the habeas court's findings of fact and conclusions of law if they are supported by the record. *Ex parte Brown*, 205 S.W.3d 538, 546 (Tex. Crim. App. 2006).

cancellation of removal proceedings and prevent him from ever legally re-entering the United States, he would have rejected the plea offer and insisted on going to trial. The habeas judge also credited the entirety of trial counsel's affidavit, including statements that applicant "did not mention anything regarding an approved petition from his United States Citizen wife and that he was seeking to apply for his legal permanent residence through his wife" at the November 14, 2012 meeting when they signed the admonishment forms. Trial counsel also averred, and the habeas court credited, that on November 27, 2012, counsel spoke with applicant's wife regarding some confusion as to whether applicant had retained private counsel. At that time, applicant's "wife did not inform [trial counsel] of any pending Immigration issues or petitions. Specifically, [applicant's] wife did not inform [trial counsel] about a petition seeking to apply for legal permanent residence [for applicant]." The habeas court concluded that trial counsel's performance was deficient and that applicant suffered prejudice as a result. It recommended that we grant relief.

> We filed and set this writ application for submission in order to determine

> [w]hether the admonishment given to Applicant under Code of Criminal Procedure 26.13(a)(4)—i.e., the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law—when he pled no contest, along with counsel's explanation of the admonishment, was sufficient in this case to comply with the requirement that trial counsel give correct advice regarding the immigration consequences of a non-citizen defendant's plea when the immigration consequences of such a plea are clear, as held by the Supreme Court of the United States in *Padilla v. Kentucky*, 559 U.S. 356 (2010).

## II. Analysis

To prove ineffective assistance of counsel in a writ of habeas corpus, an applicant must show, by a preponderance of the evidence, that his counsel's representation "fell below the objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

## A.  Deficient Performance

The United States Supreme Court has acknowledged that "[i]mmigration law can be complex, and it is a legal specialty of its own. . . . There will, therefore, undoubtedly be numerous situations in which the deportation consequences of a particular plea are unclear or uncertain." *Padilla*, 559 U.S. at 369.  In such a situation, a criminal-defense attorney satisfies that obligation by advising a non-citizen client that the pending criminal charges may adversely affect immigration status.  *Id.*  "But when the deportation consequence is truly clear . . . the duty to give correct advice is equally clear."  *Id.*  Courts have recognized that "the distinction between possible and certain immigration consequences" requires counsel for defendants facing certain deportation to specifically advise clients of those consequences.  *E.g., United States v. Urias-Marrufo*, 744 F.3d 361, 368 (5th Cir. 2014) (emphasis omitted).  In this case, applicant claims that trial counsel performed deficiently in two ways.

First, applicant alleges that trial counsel was ineffective for failing to inform him that his plea would render him ineligible for discretionary cancellation of his ongoing deportation proceedings.[4] Title 8, Section 1229b, of the United States Code governs cancellation of removal proceedings:

(1) In general

The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien—

---

[4] Applicant does not seem to allege that trial counsel was deficient for failing to tell him that his plea would subject him to mandatory deportation.  8 U.S.C. §§ 1182(a)(2)(A)(i)(II), 802(6), 812(a)(4).  His illegal presence in this country makes him subject to automatic removal, even if he has committed no crime.  8 U.S.C. § 1227(a)(1)(B). Commission of certain criminal offenses makes him ineligible for re-entry.  8 U.S.C. § 1182(a)(2)(A).

**(A)** has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;

**(B)** has been a person of good moral character during such period;

**(C)** has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title, subject to paragraph (5); and

**(D)** establishes that removal would result in exceptional and extremely unusual harm to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

The statute requires that all four qualifiers be present. The drug conviction that applicant challenges in this writ application makes him ineligible for cancellation of his removal proceedings, as does his presence in the United States for only two years at the time deportation proceedings began and eight years at the time of trial. 8 U.S.C. §§ 1229b(1)(A), (C), 1182(a)(2)(A)(i)(II).

Second, applicant contends that trial counsel was ineffective because she did not inform him that a conviction on a controlled-substance charge would prevent him from ever legally re-entering the United States. Typically, aliens who have previously been deported may apply for re-entry after remaining outside this country for a specified period. *See* 8 U.S.C. § 1182(a)(9) ("Aliens previously removed"). However, applicant's conviction of a controlled-substance offense permanently bars his legal re-entry.

(a) Classes of aliens ineligible for visas or admission. Except as otherwise provided in this Act, aliens who are inadmissible under the following paragraphs are ineligible to receive visas and ineligible to be admitted to the United States:
  . . .
  (2) Criminal and related grounds.
   (A) Conviction of certain crimes.
        (i) In general. Except as provided in clause (ii), any alien convicted of, or who admits having committed or who admits committing acts which constitute the essential elements of—
          (I) a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime, or

(II)  a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), is inadmissible.

(ii) Exception. Clause (i)(I) shall not apply to an alien who committed only one crime if—

(I) the crime was committed when the alien was under 18 years of age, and the crime was committed (and the alien released from any confinement to a prison or correctional institution imposed for the crime) more than 5 years before the date of application for a visa or other documentation and the date of application for admission to the United States, or

(II) the maximum penalty possible for the crime of which the alien was convicted (or which the alien admits having committed or of which the acts that the alien admits having committed constituted the essential elements) did not exceed imprisonment for one year and, if the alien was convicted of such crime, the alien was not sentenced to a term of imprisonment in excess of 6 months (regardless of the extent to which the sentence was ultimately executed).

8 U.S.C. § 1182(a)(2)(A)(i),(ii).

Even if we were to assume that the language of the statute is clear and that *Padilla* therefore applies, pursuant to *Strickland*, applicant must also show harm. Aliens who are convicted of a drug offense are "ineligible to receive visas and ineligible to be admitted to the United States" absent circumstances that make the alien eligible for an exception. The language of the statute as to drug-offense convictions is very clear; a person with a drug conviction is barred from re-entry. The exceptions set out in § 1182(a)(2)(A)(ii) apply only to crimes of moral turpitude, a category that does not include possession of a controlled substance. Even if "moral turpitude" could be stretched to include possession of a controlled substance, the exceptions would still not apply to applicant; he was not under the age of 18 at the time of the offense, nor does the maximum punishment for the charged offense, a state-jail felony, "not exceed imprisonment for one year."

## B.  Prejudice

In order to satisfy the prejudice prong of the *Strickland* test, applicant must show that there

is a reasonable probability that, but for trial counsel's deficient performance, he would not have plead no contest and would have insisted on proceeding to trial. *Riley v. State*, 378 S.W.3d 453, 458 (Tex. Crim. App. 2012). "A reasonable probability is one sufficient to undermine confidence in the outcome." *Ex parte Flores*, 387 S.W.3d 626, 633 (Tex. Crim. App. 2012), *citing Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986).

Applicant's attorney may have given him incorrect advice as to a possible cancellation of removal, but based on the evidence we have in the record, applicant is ineligible for cancellation of his removal proceedings for reasons unrelated to his trial counsel's possibly deficient performance: he is in the country illegally, and removal proceedings had begun before his indictment on the charged offense. In such circumstances, any ineffective assistance of counsel that might have occurred cannot be blamed for appellant's deportation. And while applicant's attorney may also have given him incorrect advice as to the availability of re-entry, the likelihood of conviction for the charged drug offense was high—the cocaine was found in applicant's pants pocket—and applicant does not qualify for an exception under 8 U.S.C. § 1182(a)(2)(A)(i)(II). Again, any ineffective assistance of counsel that might have occurred cannot be blamed for appellant's ineligibility for re-entry.

### III. Conclusion

We hold that, even if counsel was ineffective as to immigration consequences, applicant cannot show that there is a reasonable probability that, but for trial counsel's deficient performance, the outcome would have been different. Therefore, we deny relief.

Delivered: October 15, 2014
Do not publish