

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-13-00317-CR
_____

TIPHINIE BETH AGUILAR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 64th District Court
Castro County, Texas
Trial Court No. A3452-1206; Honorable Ed Self

April 10, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Tiphinie Beth Aguilar, pled guilty in open court to taking a prohibited substance, namely marihuana, into a correctional facility[1] and was sentenced by a jury to ten years confinement and fined $2,500. In a single issue, she asserts on appeal that the trial court erred by failing to grant her *Motion for a New Trial* because evidence

---

[1] *See* TEX. PENAL CODE ANN. § 38.11(b) (West 2011). An offense under this section is a third degree felony. *Id.* at 38.11(g).

presented showed her trial counsel failed to obtain a court-ordered investigator to procure certain character witnesses and similarly failed to secure the testimony of a mitigation expert. We affirm.

## BACKGROUND

In 2012, an indictment issued alleging Appellant intentionally or knowingly took a controlled substance, marihuana, into the Castro County Jail, a correctional facility. In April 2013, she elected to have her punishment assessed by a jury. In July, she stipulated to evidence establishing she committed the offense alleged in the indictment, executed a waiver of certain rights, judicially confessed to the offense, and pled guilty in open court. After finding her guilty, the jury assessed her sentence at ten years confinement and a fine of $2,500.

In her *Motion for a New Trial* and at a hearing on that motion in August of 2013, Appellant asserted her counsel was ineffective for failing to obtain from the court access to an investigator to secure certain character witnesses and/or a mitigation expert to testify on her behalf. In September, the trial court denied the motion and this appeal followed.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Because ineffective assistance of counsel claims involve mixed questions of law and fact that often contain subsidiary questions of historical fact, some of which may turn upon the credibility and demeanor of witnesses, *Riley v. State,* 378 S.W.3d 453, 458 (Tex. Crim. App. 2012) (quoting *Kober v. State*, 988 S.W.2d 230, 233 (Tex. Crim.

App. 1999)), an appellate court should review the trial court's rulings on the matter for an abuse of discretion, reversing only if the trial court's ruling was clearly erroneous and arbitrary, such as when no reasonable view of the record could support the trial court's ruling. *Odelugo v. State,* 443 S.W.3d 131, 137 (Tex. Crim. App. 2014) (citing *Riley*, 378 S.W.3d at 457).

We examine ineffective assistance of counsel claims by the standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984), and adopted by Texas in *Hernandez v. State,* 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). Appellant has the burden to show by a preponderance of evidence both that (1) trial counsel's performance was deficient in that it fell below the prevailing professional norms and (2) the deficiency prejudiced the defendant, that is, but for the deficiency, there is a reasonable probability that the result of the proceedings would have been different. *See Perez v. State,* 310 S.W.3d 890, 893 (Tex. Crim. App. 2010) (citing *Thompson v. State,* 9 S.W.3d 808, 812 (Tex. Crim. App. 1999)). Counsel's conduct is viewed with great deference. *Goodspeed v. State,* 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Any allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 812.

Here, we ask whether there is a reasonable probability that the jury would have had a reasonable doubt as to Appellant's sentence if an investigator had secured the presence of the character witnesses and they had testified in Appellant's favor, and a mitigation expert had appeared and also testified favorably for Appellant. In *King v. State,* 649 S.W.2d 42 (Tex. Crim. App. 1983), the appellant asserted ineffective

assistance of counsel, in part, because counsel failed to call witnesses to testify on his behalf. There, the Court of Criminal Appeals stated that the "failure to call witnesses at the guilt-innocence and punishment stages is irrelevant absent a showing that such witnesses were available and appellant would have benefit[ed] from their testimony." *Id.* at 44.

At the hearing on Appellant's motion, there was no showing there were available character witnesses to be located by an investigator or that Appellant would have benefitted from either their testimony or the testimony of a mitigation expert. In addition, we have reviewed the record and are not convinced Appellant would have benefitted from an investigator's services in locating character witnesses or the testimony of a mitigation expert and do not see a reasonable probability that their testimony would have changed the result of the proceeding. Accordingly, Appellant's issue is overruled.

CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.