

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-15-00039-CR

---

JOSEPH LEWIS GONZALES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 181st District Court
Potter County, Texas
Trial Court No. 68,522-B, Honorable John B. Board, Presiding

---

November 30, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

After his motion to suppress evidence was overruled appellant Joseph Lewis Gonzales plead guilty to possession of a controlled substance[1] enhanced by a prior conviction and was sentenced by the trial court to a fifteen-year term of imprisonment. Appellant reserved the right to challenge the suppression ruling on appeal. Finding no abuse of discretion by the trial court, we will affirm its judgment.

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2010).

## Background

Shortly before 2:00 a.m. on January 27, 2014, an Amarillo police officer and the officer trainee he was supervising were patrolling the western part of the city. The supervising officer was seated in the passenger seat as the trainee drove. While heading south on Georgia Street, the supervising officer saw through the rear-view mirror and the outside mirror a vehicle driven by appellant turn off Georgia into a private parking lot without signaling the turn.

At the supervising officer's direction, the trainee turned the patrol car around and headed toward the parking lot, intending to make a traffic stop. The trainee did not activate the vehicle's overhead lights so the events that followed were not recorded. By the time the patrol car turned around, appellant's vehicle had entered the private parking lot.

The patrol car pulled behind appellant's vehicle in the darkened lot. The trainee activated the car's spotlight and turned it toward appellant who had exited his parked vehicle and was walking toward the patrol car. The trainee asked appellant to remove his hands from his pockets and produce identification. The trainee obtained appellant's identification and returned to the patrol car to run a background check.

Meanwhile, the supervising officer made contact with appellant. He asked if appellant had a weapon on his person and appellant replied he had a knife. When appellant reached for his pocket a third officer, now on the scene for backup, grabbed his hand and asked him not to reach for a weapon.

At the supervising officer's request, appellant consented to a search of his person. Inside appellant's front pocket the supervising officer found a tobacco can which, in turn, contained a breath mint can. Inside the breath mint can was a clear bag containing a substance the officer believed to be methamphetamine. The backup officer placed appellant in handcuffs and the supervising officer placed him in the patrol car.

Appellant's *Miranda* rights were read and he provided written and oral statements. The oral statement was electronically recorded using the patrol car's audio-video system. In the patrol car, the officers told appellant he was under arrest for possession. Officers inventoried appellant's vehicle and found a useable quantity of marijuana, a pipe, and a scale with "crystal residue." Appellant's background check revealed he was wanted on a parole violation warrant and had a suspended driver's license.

By written motion, appellant sought suppression of all items seized in the search of his person and vehicle along with any oral or written statement he gave the officers. After a lengthy evidentiary hearing in which appellant challenged the lawfulness of his detention, the trial court denied the motion. Written findings of fact and conclusions of law were not requested nor were they filed. Under a plea-bargain agreement appellant plead guilty to the charged offense. The court found appellant guilty and sentenced him as noted.

Analysis

Appellant argues police did not detain him for a traffic violation and the evidence failed to establish a consensual encounter because it did not occur in a public place and a reasonable person would not have felt free to leave. For those reasons, appellant concludes, he was unlawfully detained and the trial court abused its discretion by failing to grant his motion to suppress.

We review a trial court's ruling on a motion to suppress evidence for an abuse of discretion. *Carmouche v. State,* 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We give almost total deference to the trial court's determination of historical facts and then review *de novo* the trial court's application of the law to those facts. *Wyatt v. State,* 23 S.W.3d 18, 23 (Tex. Crim. App. 2000); *Carmouche,* 10 S.W.3d at 327. If, as here, the trial court did not make explicit findings of fact, we review the evidence in a light most favorable to the trial court's ruling and assume it made implicit findings of fact supporting its ruling. *Carmouche,* 10 S.W.3d at 327-28; *State v. Garcia-Cantu,* 253 S.W.3d 236, 241 (Tex. Crim. App. 2008) (party prevailing in trial court is afforded "strongest legitimate view of the evidence and all reasonable inferences"). We review *de novo* questions of law and mixed questions of law and fact that do not depend on evaluation of credibility and demeanor. *Fienen v. State,* 390 S.W.3d 328, 335 (Tex. Crim. App. 2012) (citing *Montanez v. State,* 195 S.W.3d 101, 106 (Tex. Crim. App. 2006)).

At the suppression hearing the trial judge is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *St. George v. State,* 237 S.W.3d

4

720, 725 (Tex. Crim. App. 2007). The trial court is able to observe the demeanor and appearance of the witnesses and is, therefore, better positioned to determine witness credibility than an appellate court which may only read the testimony from the record. *Villarreal v. State,* 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). We will sustain the trial court's suppression ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. *Id.* We may not substitute our judgment for that of the trial court; rather, we will affirm its ruling if it falls within the zone of reasonable disagreement. *State v. Romo,* No. 04-14-00197-CR, 2015 Tex. App. LEXIS 6103, at *13 (Tex. App.—San Antonio June 17, 2015, no pet. h.) (mem. op., not designated for publication) (citing *Riley v. State,* 378 S.W.3d 453, 457 (Tex. Crim. App. 2012)).

The law recognizes three types of encounters between law enforcement and citizens: (1) arrests which are supported by probable cause, *Brown v. Illinois,* 422 U.S. 590, 601, 95 S. Ct. 2254, 45 L. Ed. 2d 416 (1975); (2) brief investigatory stops which require reasonable suspicion, *Terry v. Ohio,* 392 U.S. 1, at 25-26, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968); and (3) brief consensual encounters between police and citizens, which do not require objective justification, *Florida v. Bostick,* 501 U.S. 429, 434, 111 S. Ct. 2382, 115 L. Ed. 2d 389 (1991). Under the third type of encounter, law enforcement may approach and question an individual in a public place without implicating the Fourth Amendment's protections. *United States v. Drayton,* 536 U.S. 194, 122 S. Ct. 2105, 153 L. Ed. 2d 242 (2002); *Bostick,* 501 U.S. at 434; *Florida v. Royer,* 460 U.S. 491, 497-98, 103 S. Ct. 1319, 75 L. Ed. 2d 229 (1983). Under that circumstance, an officer may ask questions of the citizen provided they do not "induce cooperation by coercive

means." *Drayton,* 536 U.S. at 201.  There is no seizure, provided a reasonable person would feel free to terminate the encounter.  *Id.*; *see In re R.S.W.,* No. 03-04-00570-CV, 2006 Tex. App. LEXIS 1925, at *9 (Tex. App.—Austin Mar. 9, 2006, no pet.) (mem. op.) (noting the three types of police-citizen encounters).

An officer witnessing what he reasonably believes is a traffic violation possesses probable cause to conduct a traffic stop and detain the offender.  *State v. Lockhart,* No. 07-04-00304-CR, 2005 Tex. App. LEXIS 6159, at *8 (Tex. App.—Amarillo Aug. 2, 2005, no pet.) (not designated for publication); TEX. TRANSP. CODE ANN. § 543.001 (West 2011); *see State v. Kurtz,* 152 S.W.3d 72, 79 (Tex. Crim. App. 2004) (distinguishing "arrests" for Rules of the Road violations from other investigative detentions)*, superseded on other grounds by statute as recognized in York v. State*, 342 S.W.3d 528, 535 n.20 (Tex. Crim. App. 2011).

Without findings of fact and conclusions of law we have no explicit explanation by the court for its ruling.[2]  But we assume the court found all facts necessary to support its ruling and we will affirm the decision if it finds reasonable support in the record and is correct on any applicable theory of law.  The supervising officer testified he personally saw appellant commit a traffic violation.  Doing so gave the officer probable cause to detain appellant.  He and two other officers contacted appellant and obtained his consent to search his person.  This search yielded the contraband appellant sought to

---

[2] In his brief, appellant argues the trial court verbally stated a finding that his encounter with police was consensual and not the result of a traffic stop. We have reviewed carefully the statements of the trial court to which appellant refers, and are satisfied the court made no findings of fact.  *See State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006) (standard of review in absence of trial court findings).

suppress.  We are unable to say the trial court clearly abused its discretion by failing to sustain appellant's motion to suppress.

## Conclusion

We overrule appellant's issue, and affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.