

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00908-CR

Kit **SHUM**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR1592
Honorable Melisa Skinner, Judge Presiding

Opinion by: Sandee Bryan Marion, Chief Justice

Sitting: Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: December 2, 2015

AFFIRMED

Prior to the underlying jury trial, the State offered appellant, Kit Shum, a plea bargain to a misdemeanor offense that included a $5,000 fine, court costs, eleven months' confinement probated for two years; was silent on deferred; and dismissed another misdemeanor case. Appellant did not take the plea offer, and his case proceeded to trial on the felony offense of unauthorized record labeling, sixty-five recordings or more. A jury found appellant guilty of the charged offense, and the trial court assessed punishment at eleven months' confinement, probated for three years, and a $7,000 fine. In a single issue on appeal, appellant asserts the trial court erred

by denying his motion for new trial on the grounds that his trial counsel was ineffective because counsel allegedly incorrectly told appellant that accepting the plea offer would result in appellant not being able to attain U.S. citizenship. We affirm.

## STANDARD OF REVIEW

Appellant presented his ineffective-assistance claim to the trial court in a motion for new trial, which the trial court denied after a hearing on the motion. When the trial court denies a motion for new trial alleging ineffective assistance of counsel, "we view the relevant legal standards through the prism of abuse of discretion." *Ramirez v. State*, 301 S.W.3d 410, 415 (Tex. App.—Austin 2009, no pet.). We review a trial court's denial of a motion for new trial for an abuse of discretion, reversing only if the trial court's opinion was clearly erroneous and arbitrary. *Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012). "A trial court abuses its discretion if no reasonable view of the record could support the trial court's ruling." *Id.* This deferential review requires us to view the evidence in the light most favorable to the trial court's ruling. *Id.* We may not substitute our own judgment for that of the trial court and must uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Id.* "This same deferential review must be given to a trial court's determination of historical facts when it is based solely on affidavits, regardless of whether the affidavits are controverted." *Id.* "The trial court is free to disbelieve an affidavit, especially one unsupported by live testimony." *Id.* "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* (citations omitted) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985)).

## INEFFECTIVE ASSISTANCE OF COUNSEL/PLEA BARGAIN

"If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Lafler v. Cooper*, 132 S. Ct. 1376, 1387 (2012). "[C]laims of ineffective assistance of counsel in the plea bargain context are governed by the two-

part test set forth in *Strickland* [*v. Washington*]." *Missouri v. Frye*, 132 S. Ct. 1399, 1405 (2012). To prevail on a claim of ineffective assistance of counsel, appellant must show that: (1) trial counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice from ineffective assistance of counsel where a plea offer has been rejected because of counsel's deficient performance, a defendant must demonstrate a reasonable probability that he would have accepted the earlier plea offer had he been afforded effective assistance of counsel. *Frye*, 132 S. Ct. at 1409. A defendant also must demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. *Id.* "To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Id.* "A reasonable probability is one sufficient to undermine confidence in the outcome." *Ex parte Flores*, 387 S.W.3d 626, 633 (Tex. Crim. App. 2012).

## ANALYSIS

A person commits the offense of unauthorized record labeling if "for commercial advantage or private financial gain, the person knowingly . . . advertises, offers for sale, sells, rents, or transports a recording[, and] the outside cover, box, or jacket of the recording does not clearly and conspicuously disclose . . . the actual name and address of the manufacturer[, and] the name of the performer or group." TEX. BUS. & COM. CODE ANN. § 641.054(a)(1)(A), (2) (West 2015). Appellant was convicted of the unauthorized record labeling of at least sixty-five recordings, which is a felony that may be punishable by confinement for a term of not more than five years, a fine not to exceed $250,000, or both. *Id.* § 641.054(b)(1)(A). The trial court assessed punishment at eleven months' confinement, probated for three years, and a $7,000 fine. The plea deal offered

by the State was for a misdemeanor punishable by confinement "in the county jail for a term of not more than one year, a fine not to exceed $25,000, or both." *Id.* § 641.054(b)(3). In this appeal, appellant does not complain that counsel was ineffective because the plea bargain would have resulted in a lesser punishment. Instead, appellant complains he would have accepted the plea but for counsel's incorrect advice regarding naturalization.

No testimony was taken at the new trial hearing; however, the trial court admitted into evidence appellant's own affidavit and the affidavit of Lance Edward Curtright, an attorney who specializes in immigration law with an emphasis on removal defense and immigration-related litigation. The following factual allegations are taken from these affidavits. Appellant is a lawful permanent resident of the United States. According to appellant, his trial counsel told him that accepting the State's "misdemeanor deal would result in [appellant] not being able to become a United States citizen." Appellant contended this incorrect advice resulted in him rejecting the State's misdemeanor plea offer and going to trial on a felony. Appellant alleged he was not told about Business and Commerce Code section 641.054 until after his conviction, and had he been made aware of that section, he would have taken the plea offer. Instead, according to appellant, his trial counsel

> led [him] to believe that the prosecution was required to prove that [he] knew the CD's and DVD's in this case did not have the correct name and address of the manufacturer and the name of the performer or group. [He] did not know and was not informed by [his] attorney that the prosecution was merely required to prove that [he] knowingly offered CD's and DVD's for sale and that the CD's and DVD's reflected this incorrect information. Had [he] know[n] this difference, [he] would have definitely taken the misdemeanor offer.

Curtright opined, in his affidavit, that (1) appellant's felony conviction "probably" would not result in his removal from the United States because section 641.054 is "probably not" an aggravated felony; however, (2) if Shum travelled abroad, he might be subject to removal upon his return to the United States if the conviction was determined to be a crime of moral turpitude.

Curtright admitted the law is uncertain as to whether this crime is one of moral turpitude. Curtright next opined on what would have happened had appellant been convicted of a misdemeanor. In Curtright's opinion, a misdemeanor conviction "probably" would not have resulted in his removal from the United States because the offense is "probably not" an aggravated felony or a crime of moral turpitude. Therefore, Curtright concluded appellant "was no more likely to be removed from the United States had he been convicted of a felony instead of a misdemeanor."

However, for naturalization purposes, Curtright opined the felony conviction placed appellant in a "worse place" than he would have been in had he been convicted of a misdemeanor because the felony conviction delays naturalization. Curtright stated that, with a felony conviction, appellant would need to show five years of good moral character and cannot be on probation; therefore, he could not naturalize until December 2022 when he completed his eight years' probation. However, with a misdemeanor conviction, appellant would be able to naturalize in September 2018, five years from the commission date of the offense.

Curtright also opined on whether appellant would qualify for affirmative relief if he were placed in a removal proceeding. According to Curtright, appellant would qualify for cancellation of the removal unless his conviction was considered an aggravated felony because aggravated felonies bar a person from removal cancellation. Curtright also believed appellant could re-immigrate through his wife who is a U.S. citizen. Curtright concluded "[in] either case, the relief is discretionary and his felony conviction will be a serious negative factor."

On appeal, appellant relies on Curtright's affidavit to argue trial counsel's advice that the misdemeanor plea bargain would prevent him from becoming a U.S. citizen was incorrect because with only a misdemeanor conviction he was merely required to be off probation and show five years' good character from the date of the offense before becoming naturalized. Appellant contends a reasonable probability exists that he would have accepted the plea offer had he been

afforded effective assistance of counsel. Appellant also asserts there is a reasonable probability the plea offer would have been entered without the State cancelling it or the trial court refusing to accept it. Finally, appellant asserts there is a reasonable probability that the end result of the criminal process would have been more favorable given the offer to plead to a misdemeanor rather than the charged felony.

Appellant relies on the U.S. Supreme Court's opinion in *Padilla v. Kentucky*, 559 U.S. 356 (2010) for his argument that counsel was ineffective by providing incorrect immigration advice.[1] Appellant argues that counsel's incorrect advice fell below the objective standard of representation as established by the *Padilla* Court.

In *Padilla*, Padilla pled guilty to transporting a large quantity of marijuana. 559 U.S. at 359. When later faced with deportation, he attacked the guilty plea contending his trial attorney did not advise him of the immigration consequences. *Id.* at 359. The Supreme Court agreed with Padilla, noting that legislative changes in 1996 made deportation "practically inevitable but for the possible exercise of limited remnants of equitable discretion vested in the Attorney General" when a noncitizen is convicted of particular offenses. *Id.* at 363-64.

In Padilla's case, the Court viewed the relevant immigration statute as "succinct, clear, and explicit in defining the removal consequence for Padilla's conviction." *Id.* at 368. By simply reading the statute, Padilla's attorney "could have easily determined" that his guilty plea would make him subject to deportation, because the statute "specifically commands removal for all controlled substances convictions except for the most trivial of marijuana possession offenses."

---

[1] The Texas Code of Criminal Procedure requires a trial court, prior to accepting a plea of guilty or nolo contendere, to admonish a defendant of "the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law . . . ." TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(4) (West Supp. 2014). In this case, appellant does not argue article 26.13(a)(4) was violated.

*Id.* According to the Court, "when the deportation consequence is truly clear . . . the duty to give correct advice is equally clear." *Id.* at 369.

Conversely, the Court noted there were likely other situations in which the deportation consequences of a particular plea were less clear-cut. "Immigration law can be complex" and there could be "numerous situations in which the deportation consequences of a particular plea are unclear or uncertain." *Id.* In those situations, counsel "need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id.*

In this appeal, the State argues *Padilla* applies only to advice regarding deportation and does not extend to advice regarding potential delays in eligibility for naturalization. We need not decide whether *Padilla* applies in the circumstances presented by this appeal because we conclude the trial court did not abuse its discretion by implicitly finding trial counsel was not ineffective.

The only evidence offered at the new trial hearing was appellant's and Curtright's affidavits. No testimony or affidavit was adduced from appellant's trial counsel. Therefore, the trial court had only appellant's contention that his attorney told him that accepting the State's "misdemeanor deal would result in [appellant] not being able to become a United States citizen." In addition to the affidavits, the trial court also had the record from the trial itself which indicated that, before voir dire, the trial court admonished appellant about possible immigration consequences:

> Court: All right. Now, here's the situation. I want to, just to make sure, it's come to my [sic] Mr. Shum, you are not an American citizen; is that correct?
>
> Appellant: That's correct.
>
> Court: I want to make sure that you are aware of this offense, it can have a serious effect on your ability to stay in this country. You can be deported, excluded from further admission to the United States or denied naturalization under federal law. Did you discuss those things with your attorney?
>
> Appellant: Yes, I did.

As the sole factfinder and judge of the credibility and weight of each piece of evidence, the trial court has the right to accept or reject any part of a witness's testimony, whether presented during live testimony or in affidavits. *Odelugo v. State*, 443 S.W.3d 131, 137 (Tex. Crim. App. 2014). The trial court may disbelieve any of the assertions upon which the appellant's ineffective assistance of counsel claims are based, "so long as the basis for that disbelief is supported by at least one 'reasonable view of the record.'" *Id.* (citation omitted). "This is true even when the State does not deign to controvert the evidence, affidavit or otherwise, that the appellant presents." *Id.* Finally, because claims of ineffective assistance of counsel involve mixed questions of law and fact, we must review the trial court's rulings on the matter for an abuse of discretion, reversing only if the trial court's ruling was clearly erroneous and arbitrary, such as when no reasonable view of the record could support the trial court's ruling. *Id.*

Here, at the new trial hearing, the trial court had before it (1) Curtright's opinion that appellant "was no more likely to be removed from the United States had he been convicted of a felony instead of a misdemeanor"; (2) Curtright's opinion that the felony conviction delayed naturalization; and (3) appellant's statement to the trial court prior to voir dire that he and his attorney discussed the immigration consequences of his plea. Because appellant did not obtain testimony from his trial counsel, the only evidence of the discussion between appellant and counsel was appellant's allegation that his attorney gave him incorrect advice. Even if we apply *Padilla* to a case involving naturalization, as opposed to deportation, there are "numerous situations in which the . . . consequences of a particular plea are unclear or uncertain." 559 U.S. at 369. In those situations, counsel "need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id.* Here, the trial court was free to disbelieve appellant about the specifics of the advice trial counsel gave to appellant about the consequences that a misdemeanor, versus a felony, conviction would have on him becoming a

naturalized U.S. citizen.  On this record, we cannot conclude the trial court abused its discretion by denying appellant's motion for new trial.

## CONCLUSION

We overrule appellant's issues on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Chief Justice

Do not publish