**Affirmed and Opinion Filed May 28, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01074-CR

### DENNO WALLACE, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F-0873112-I**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Myers and Evans
Opinion by Chief Justice Wright

Appellant Denno Wallace was initially charged with aggravated assault; she pleaded guilty to that offense. The trial court placed her on deferred adjudication community supervision for five years and assessed a fine of $2500. After appellant failed to pay certain probation fees and tested positive for marijuana use, the State moved to revoke her community supervision and to proceed with adjudication of her guilt. Appellant pleaded true to the probation violations. The trial court found her guilty and sentenced her to twelve years' confinement. Appellant filed a motion for new trial, contending she had received ineffective assistance of counsel at the adjudication hearing. The trial court denied the motion for new trial, and this appeal followed. We affirm the trial court's judgment.

In two issues, appellant contends the trial court erred by denying her motion for new trial. Specifically, appellant asserts her attorney misrepresented her wishes concerning undergoing drug treatment to the trial court. The purported misrepresentation occurred after an extended exchange between appellant and the trial court:

THE COURT: [I]f you want a chance, I'll give you a chance to go to [a Substance Abuse Felony Punishment Facility (SAFPF)] if you want to take drug treatment. If you don't, that's fine. Do you want to take drug treatment or not?

THE DEFENDANT: (No response.)

THE COURT: Yes or no?

THE DEFENDANT: No.

THE COURT: No?

THE DEFENDANT: (No response.)

THE COURT: No? If you don't want to go, you don't have to go. There's another place for you. Do you want to take the drug treatment or not?

THE DEFENDANT: No.

THE COURT: No. Okay. This is your chance.

THE DEFENDANT: I want it.

THE COURT: Do you want the drug treatment? Yes or no? Now, what's the answer?

THE DEFENDANT: Yes.

THE COURT: Okay. We'll pass the case over and extend the terms and conditions of probation and send her to SAFPF. And, hopefully, that will straighten you out. I have a feeling though that you really don't want to be on probation and probably the best solution is just go ahead and take -- you know, I mean, going to drug treatment is hard.

THE DEFENDANT: I've been on it for four years now, sir. And this is my second mess up out of four years.

THE COURT: Well, there's first chances, second chances and last chances. Do you want to go to drug treatment? It's hard.

–2–

|                    |                                                                                                                                                                                  |
|--------------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|                    | If you don't want to go, that's fine. This is your last chance one way or another.                                                                                                |
| THE DEFENDANT:     | I don't have a choice, sir.                                                                                                                                                       |
| THE COURT:         | You have a choice. You can either take drug treatment or not. I don't care. I'm not the one that's going to have the drug problem. You're the one that's going to have the drug problem. Do you want to take the drug treatment or not? |

(Sotto voce discussion between defendant and [defense counsel].)

|                |                                                                                                                           |
|----------------|---------------------------------------------------------------------------------------------------------------------------|
| THE COURT:     | You don't really want the drug treatment, do you?                                                                          |
| THE DEFENDANT: | It's fine.                                                                                                                 |
| THE COURT:     | You don't?                                                                                                                 |
| THE DEFENDANT: | I said it's fine.                                                                                                          |
| THE COURT:     | Fine, you do want it? Or fine, you don't want it?                                                                          |
| THE DEFENDANT: | Fine, I do.                                                                                                                |
| THE COURT:     | I'm sorry. I can't hear you.                                                                                               |
| THE DEFENDANT: | Fine, I do.                                                                                                                |
| THE COURT:     | All right. We'll give you -- continue you on and give you SAFPF as another condition of your probation and extend your probation so you'll have time to do the SAFPF. |

(Sotto voce discussion between [d]efendant and [defense counsel].)

|              |                                                                                                                          |
|--------------|--------------------------------------------------------------------------------------------------------------------------|
| MR. KURTZ:   | Your Honor, my client has concluded that she wants to complete her probation, but she does not want to go to SAFPF.       |
| THE COURT:   | Okay. The Court will go ahead and grant the motion to proceed to adjudication and impose a sentence of 12 years confinement in the Institutional Division. |

In this Court, appellant contends she was willing to go to SAFPF, and her counsel was not authorized to make the statement that she wanted to complete her probation without that condition.

To prevail on her ineffective assistance claim, appellant must establish: (1) her trial counsel's representation fell below an objective standard of reasonableness in that counsel made errors so serious that counsel was not functioning as the reasonably effective counsel guaranteed by the state and federal constitutions; and (2) a reasonable probability exists that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). We indulge a strong presumption that defense counsel's conduct falls within the wide range of reasonable, professional assistance and that the challenged actions might be considered sound trial strategy. *Jackson v. State*, 877 S.W.2d 768, 770–71 (Tex. Crim. App. 1994). To defeat this presumption, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). When the record contains no evidence of the reasoning behind trial counsel's actions, we cannot conclude that counsel's performance was deficient. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003); *Jackson*, 877 S.W.2d at 771. We review the denial of a motion for new trial for abuse of discretion. *Colyer v. State*, 428 S.W.3d 117, 122 (Tex. Crim. App. 2014).

Appellant was the only witness at the hearing on the motion for new trial. She testified the trial judge made it apparent at the adjudication hearing that she was either going to SAFPF or to the penitentiary. Indeed, she testified that she understood those were her two options and she knew if she did not go to SAFPF she "was going to the pen." Therefore—although appellant complains her counsel told her before the adjudication hearing that SAFPF was not likely—she understood the trial judge's position and understood her choice. Her equivocal responses to the judge's questions concerning drug treatment led him to question her closely as to whether she really wanted to accept the drug-treatment option. The judge acknowledged that the SAFPF

–4–

treatment was hard and confirmed that the choice to go or not to go was hers. After appellant's second conversation with her attorney, when he expressed that appellant had concluded she did not want to go to SAFPF, the trial judge sentenced her as he indicated he would.

Appellant testified her attorney did not have her authority to make that statement to the court at the adjudication hearing. She testified she had been willing to go to SAFPF and that her attorney misrepresented her wishes to the trial court. At the threshold, her testimony was subject to the trial court's evaluation for credibility. In that regard, the judge stated specifically that he remembered the adjudication hearing very well, including appellant's speaking to her attorney and "what was said." The judge could have disbelieved appellant's testimony concerning what she had instructed her attorney to say. *See Riley v. State*, 378 S.W.3d 453, 459 (Tex. Crim. App. 2012) (trial court is sole factfinder and judge of appellant's credibility at motion for new trial hearing). Moreover, because appellant's attorney did not testify at the hearing on the motion for new trial, he had no opportunity to explain his actions at the adjudication hearing. As a result— even if uncertainty existed concerning whether appellant's counsel had properly represented her wishes—we have no explanation in the record for why he told the court what he did. When the record contains no evidence of the reasoning behind trial counsel's actions, we cannot conclude that counsel's performance was deficient. *Rylander*, 101 S.W.3d at 110–11.

We discern no abuse of discretion in the trial court's denial of appellant's motion for new trial. We overrule appellant's issues and affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47
141074F.U05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DENNO WALLACE, Appellant

No. 05-14-01074-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 2, Dallas County, Texas
Trial Court Cause No. F-0873112-I.
Opinion delivered by Chief Justice Wright.
Justices Myers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered May 28, 2015.