# NOS. 12-15-00031-CR
# 12-15-00032-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MITZI GAIL ALLGOR,* *APPELLANT* | § | *APPEALS FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Mitzi Gail Allgor appeals her convictions for resisting arrest and possession of marijuana. In her sole issue, Appellant contends she received ineffective assistance of counsel. We affirm.

### BACKGROUND

On October 8, 2013, while working in his capacity as a private security officer at an apartment complex, Nacogdoches Police Department Officer Brett Ayres observed a vehicle driving recklessly through the complex.[1] Officer Ayres believed the vehicle posed a danger to several pedestrians at the complex, so he followed the vehicle and detained it.[2] While talking with Appellant, who drove the vehicle, Officer Ayres noticed that Appellant was excited, breathing heavily, talking fast, and making quick movements. Appellant told him that she had an open warrant.

While Officer Ayres determined whether Appellant had a warrant, Appellant called out to her daughter, who was observing the events outside a nearby apartment, and asked her to take

---

[1] The Nacogdoches Police Department authorizes its officers to obtain private employment for supplementary income while wearing department uniforms. Officer Ayres wore his uniform while working at the apartment complex.

[2] Officer Ayres was in his private vehicle at the time he detained Appellant.

Appellant's purse.  Officer Ayres told Appellant's daughter to maintain her position.  Appellant then turned her purse upside down, emptied the contents, and began rummaging through them.  Officer Ayres thought she might be looking for a weapon.  He told Appellant to stop, but she failed to comply.  Instead, Appellant began to roll up the window, and threw something out the passenger window.  Officer Ayres immediately attempted to remove Appellant from the vehicle and restrain her.  However, Appellant used force to resist by "twisting and turning, trying to jerk away from [the officer], and also began kicking at [the officer,] and trying to get free."  Appellant's kicks struck Officer Ayres's legs.

Officer Ayres was eventually able to place Appellant in handcuffs.  By this time, Appellant's son and daughter were near the vehicle, and Appellant yelled at them to retrieve the contents of her purse.  Officer Ayres walked Appellant, who continued to resist, to the area where she threw the contents of her purse.  Officer Ayres saw baggies on the ground that contained what he believed to be marijuana.  As he attempted to retrieve them, Appellant stomped her foot on them.

Appellant was arrested and charged by information for resisting arrest and possession of marijuana.  The substance in the baggies was later determined to be marijuana.  Appellant pleaded "not guilty" to both offenses, and the matter proceeded to a jury trial.  The jury found her guilty of both offenses.  Appellant elected that the trial court assess her punishment.  After a hearing, the trial court sentenced Appellant to 120 days of confinement in the county jail on the possession of marijuana charge, and 240 days of confinement in the county jail for the resisting arrest charge.  The trial court ordered that both sentences be served concurrently.  This appeal followed.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

In her sole issue, Appellant contends that she received ineffective assistance of counsel during the punishment phase of her trial.

**Standard of Review and Applicable Law**

Claims of ineffective assistance of counsel are evaluated under the two step analysis articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984).  The first step requires the appellant to demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms.  *See Strickland*,

466 U.S. at 688, 104 S. Ct. at 2065. To satisfy this step, the appellant must identify the acts or omissions of counsel alleged to be ineffective assistance and affirmatively prove that they fell below the professional norm of reasonableness. *See **McFarland v. State***, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). The reviewing court will not find ineffectiveness by isolating any portion of trial counsel's representation, but will judge the claim based on the totality of the representation. *See **Strickland***, 466 U.S. at 695, 104 S. Ct. at 2069.

In any case considering the issue of ineffective assistance of counsel, we begin with the strong presumption that counsel was effective. *See **Jackson v. State***, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We must presume counsel's actions and decisions were reasonably professional and were motivated by sound trial strategy. *See **id.*** Appellant has the burden of rebutting this presumption by presenting evidence illustrating why her trial counsel did what he did. *See **id.*** Appellant cannot meet this burden if the record does not affirmatively support the claim. *See **Menefield v. State**,* 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). A record that specifically focuses on the conduct of trial counsel is necessary for a proper evaluation of an ineffectiveness claim. *See **Kemp v. State***, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd).

Before being condemned as unprofessional and incompetent, defense counsel should be given an opportunity to explain his actions. *See **Bone v. State***, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). Thus, absent a properly developed record, an ineffective assistance claim must usually be denied as speculative, and, further, such a claim cannot be built upon retrospective speculation. *Id.* at 835.

When a claim of ineffectiveness is based on counsel's misunderstanding of the law regarding community supervision, there must be evidence that (1) the defendant was initially eligible for community supervision, (2) counsel's advice was not in furtherance of a valid trial strategy, (3) the defendant's election of the assessor of punishment was based upon counsel's erroneous advice, and (4) the results of the proceeding would have been different had her attorney correctly informed her of the law. ***Riley v. State***, 378 S.W.3d 453, 458-59 (Tex. Crim. App. 2012)

The appellant must prove that her attorney's errors, judged by the totality of the representation and not by isolated instances of error, denied her a fair trial. ***Burruss v. State***, 20 S.W.3d 179, 186 (Tex. App.–Texarkana 2000, pet. ref'd). It is not enough for the appellant to

show that the errors had some conceivable effect on the outcome of the proceedings. *Id.* She must show that there is a reasonable probability that, but for her attorney's errors, the jury would have had a reasonable doubt about her guilt or that the extent of her punishment would have been less. *See id.*; *see also Bone*, 77 S.W.3d at 837.

**Discussion**[3]

Appellant argues that counsel was ineffective when he told the trial court that she was not eligible for community supervision. Contrary to trial counsel's assertion, Appellant was eligible for judge ordered community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 3 (West Supp. 2014).

Appellant also argues that counsel was ineffective when he failed to correct the trial court's misstatement of the law regarding the minimum sentence for resisting arrest. The trial court stated that "resisting arrest with priors is a minimum of 90 days. It can't be 30 days." Resisting arrest is a Class A misdemeanor. *See* TEX. PENAL CODE ANN. § 38.03(c) (West 2011). A defendant on trial for a Class A misdemeanor shall be punished by confinement in jail for not less than ninety days if it is shown that the defendant has a prior conviction for a felony or Class A misdemeanor. *See* TEX. PENAL CODE ANN. § 12.43(a)(2) (West 2011). The State acknowledges that it did not seek the habitual offender enhancement in this case. Trial counsel failed to correct the trial court's assumption that the habitual offender statute applied to Appellant's resisting arrest charge when the State never sought the enhancement.

Irrespective of trial counsel's errors, Appellant failed to show that she was prejudiced by counsel's representation. The trial court stated its reasoning for assessing punishment as follows:

> The Court: You say go to jail for 30 days and [the prosecutor] is saying 300 days, or whatever. Doesn't matter how long, she is going to jail.
>
> [Defense Counsel]: She is not eligible for [community supervision].
>
> . . . .
>
> The Court: I considered all the evidence, and the law doesn't allow you any [community supervision]. And I believe resisting arrest with priors is a minimum of 90 days. It can't be 30 days. 90 days and then 360 is the maximum. And marijuana is up to 180 days with priors.
> My job is to do the right and fair thing. Every judgment has to be fair to everybody. And there is a range of punishment. The reason that is, some people deserve lower and some higher.

---

[3] Appellant commented in her brief that trial counsel did not make any objections during voir dire, and that counsel made a brief opening statement. However, she never alleged or argued in her brief that trial counsel's representation was constitutionally ineffective on those grounds, and we do not address those issues in this opinion.

And criminal history is the main thing we look at. Your criminal history is bad, so we have to consider that in assessing punishment.

I know it sounds bad. I know you are not going to like it. It is the right and fair thing, based on the history. I'm not going to give you the maximum because you said you are sorry and admitted some of this that is charged against you. You weren't up here denying of everything and saying it didn't happen. You did say you didn't resist the arrest. You never admitted to that, but the jury found you guilty of that and possession of marijuana.

Appellant's criminal history shows that she served a term of federal imprisonment for smuggling illegal immigrants into the country. Appellant also had several theft convictions, including felony theft of a firearm. She was convicted of possession of marijuana, driving while her license was suspended, and failure to identify. At the time of the trial, Appellant had been placed on community supervision for felony theft on an unrelated offense that occurred prior to this offense in 2013. However, she was not placed on community supervision for that offense until after she committed the offenses in the instant cases.

The trial court made it clear that "she is going to jail," and sentenced her closer to the maximum punishment than the minimum. The trial court sentenced Appellant to 120 days of confinement for the possession of marijuana charge, and 240 days of confinement for the resisting arrest charge. In doing so, the court stated that the basis for the longer term of confinement was because of her criminal history, and there is no indication in the record that counsel's errors played any role in the length of her sentence. There is not a reasonable probability that but for the trial counsel's errors, the extent of her punishment would have been less. Consequently, Appellant failed to satisfy the prejudice prong of the *Strickland* test. *See Bone*, 77 S.W.3d at 837 (describing prejudice prong of *Strickland* test); *Burruss*, 20 S.W.3d at 186 (same).

Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, the judgment of the trial court is *affirmed.*

**BRIAN HOYLE**
Justice

Opinion delivered September 2, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 2, 2015

NO. 12-15-00031-CR

**MITZI GAIL ALLGOR,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law

of Nacogdoches County, Texas (Tr.Ct.No. CF1302373)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 2, 2015**

**NO. 12-15-00032-CR**

**MITZI GAIL ALLGOR,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law

of Nacogdoches County, Texas (Tr.Ct.No. CF1302374)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*