In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00361-CR
_____

DAN DALE BURCH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 221st District Court
Montgomery County, Texas
Trial Cause No. 13-05-05739 CR

MEMORANDUM OPINION

In five issues, Dan Dale Burch seeks to overturn the judgment that relates to his conviction for sexually assaulting "Jamie."[1] In Burch's first two issues, Burch complains that the trial court abused its discretion by admitting Burch's ex-wife's testimony and witness statements regarding uncharged sexual assaults that Burch's ex-wife reported to police while she and Burch were married. In issues three and

---

[1] "Jamie" is a pseudonym that is used to conceal the victim's actual name. *See* Tex. Const. art. I, § 30 (granting crime victim's "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

1

four, Burch contends he is entitled to a new punishment hearing, arguing that his trial attorney rendered ineffective assistance by advising him to waive his right to allow a jury to decide his punishment, and that the punishment he was given by the trial court was based on the trial court's misunderstanding regarding when he would become eligible for parole. In Burch's fifth issue, Burch contends the trial court abused its discretion by denying his motion for new trial.

With respect to Burch's first two issues, which seek to overturn the jury's finding of guilt, we conclude that Burch's complaints were either not preserved or that the evidence that he complains the trial court should not have admitted was cumulative of other evidence that was properly admitted. We hold that Burch is not entitled to retrial on the issue of his guilt. However, because the advice of Burch's attorney led Burch to waive his right to have a jury decide his punishment when his attorney should have advised him that only a jury could recommend that he be placed on community supervision, we conclude that Burch is entitled to another punishment hearing. We reverse the judgment as to punishment and remand the case to the trial court for a new punishment hearing. Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 2015).[2]

---

[2] We cite to the current version of the Texas Code of Criminal Procedure, as any amendments to the provisions in the Penal Code that are at issue in the appeal do not affect the outcome of Burch's appeal.

Background

In 2014, the State indicted Burch, claiming in the indictment that on or about January 27, 2008, Burch sexually assaulted Jamie. The testimony from Burch's trial indicates that one evening in January 2008, Burch went to the home of one of Jamie's friends, where a group had gathered to drink beer and socialize. Most of the individuals in the group had previously been at a bar where Jamie was working as a waitress. While the group was at the bar, Jamie made plans to meet them after she finished her shift.

Burch was also at the bar, and although Burch was substantially older than Jamie and the others in the group, he knew a few of them. Because Burch worked for Jamie's step-father, Burch also knew Jamie. After Burch left the bar, he went with two of the members in the group to buy alcohol to drink at the house. Burch left his truck at the bar so that Jamie could use it to join them after her shift ended.

After Jamie left the bar, she went to the house where the group had gathered and she began drinking. During the trial, Jamie estimated that on that evening, she drank eleven to twelve beers and several shots of whiskey over a period of approximately four hours. According to Jamie, she went to a bedroom after she finished drinking to lie down. Jamie indicated that shortly after she went into the bedroom, she "passed out." Jamie testified that a few hours after she passed out, she woke up to find Burch pulling up her pants. Jamie testified that at the time she

3

was unsure about what had happened to her, but she thought that Burch had sexually assaulted her.

After Jamie woke up, she found Burch pulling up her pants. Jamie left the bedroom, told one of her friends that she believed she had been assaulted, and one of the individuals in the group called the police. When the police came to the house, Jamie reported to the police that she believed she had been assaulted, but she also told police that she did not remember any of the details about what had happened.

In 2013,[3] the State filed an information charging Burch with sexual assault. The case was tried in 2014. Following the guilt-innocence phase of the trial, the jury found Burch guilty of sexually assaulting Jamie. The clerk's record reflects that Burch elected to allow the trial court to decide his punishment. Following the punishment hearing, the trial court gave Burch a seven-year prison sentence.

Admission of Written Reports

First, we address Burch's second issue, which complains about the trial court's decision to admit the written statements that Burch's ex-wife gave to the police in 2007 while she and Burch were married. The 2007 statements indicate that Burch's ex-wife claimed that in 2007, Burch sexually assaulted her. On

---

[3] The initial charges alleging that Burch had sexually assaulted Jamie were made in an information filed in 2013. In 2014, a grand jury indicted Burch based on the same conduct on which the information was based.

appeal, Burch contends his ex-wife's written statements regarding her allegations that he assaulted her were inadmissible because while testifying, his ex-wife did not unequivocally deny having made the statements, the prosecutor did not first allow his ex-wife to explain what she had said in the statements before she was asked about them, and that the prosecutor did not give his ex-wife an opportunity to familiarize herself with the time, place, and contents of the written statements before confronting his ex-wife at trial with having made the statements in 2007.

To properly preserve a complaint for review on appeal, the arguments about why evidence should not have been admitted at trial must comport with the arguments presented on appeal. *See Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1999) (op. on reh'g) (applying error preservation rule to an evidentiary complaint that was raised for the first time on appeal when the complaint on appeal differed from the objection that the defendant lodged when the case was tried); *see also* Tex. R. App. P. 33.1(a) (to preserve a complaint for appellate review, a party must, among other things, present an objection stating his complaint "with sufficient specificity" to make the trial court aware of the complaint, unless the grounds were apparent from the context). In Burch's case, the record reflects that the prosecutor offered the written statements in an effort to pin Burch's ex-wife down while examining her to establish that Burch assaulted her. When the prosecutor asked the trial court to admit the statements Burch's ex-wife gave the

police into evidence, Burch's attorney objected, stating the written statements were not the "best evidence" available to prove what had occurred in 2007 because Burch's ex-wife was present at the trial and available to testify. Burch's attorney also objected to the admission of the ex-wife's statements on the grounds that the statements were hearsay. *See* Tex. R. Evid. 1002[4] (explaining that generally, except as provided by the Rules of Evidence or by other law, the original of the writing is required to be introduced to prove the contents of the writing). In response to Burch's objections, the State argued that the statements Burch's ex-wife made to police in 2007 were admissible because they were her prior inconsistent statements regarding her account of the events. *See* Tex. R. Evid. 613, 61 TEX B.J. 374, 391 (Tex. & Tex. Crim. App. 1998, amended 2015) (describing how a witness's prior inconsistent statements may become admissible).

---

[4] The Texas Court of Criminal Appeals amended the Rules of Evidence after the date Burch's case was tried, and the amendments to the Rules of Evidence went into effect on April 1, 2015. 78 TEX. B.J. 42, 76; *see* Order, Final Approval of Amendments to the Texas Rules of Evidence, Misc. Docket No. 15-001 § 1 (Tex. Crim. App. Mar. 12, 2015). In amending the Rules of Evidence, the Court of Criminal Appeals indicated that the changes were intended to make them "more easily understood," and to make the style of the Rules of Evidence and the terminology in them consistent throughout. *Id*. With the exception of the changes the Court of Criminal Appeals made to Rules 511 and 613, the changes in the amended Rules of Evidence were "stylistic only." *Id*. Given that the amendments did not substantively change the Rules of Evidence, the citation to the Rules of Evidence in this opinion refer to the amended version of the Rules of Evidence unless a particular citation to a rule indicates otherwise.

In response to the argument that the ex-wife's statements were admissible as prior inconsistent statements, Burch's attorney argued that Burch's ex-wife had testified in a prior trial[5] about what Burch had done to her in 2007, and he suggested that the State could use her testimony from that trial, not her written statements, to impeach her testimony in the 2014 trial about whether the alleged assaults occurred.[6] However, Burch's attorney did not argue during the trial that the statements Burch's ex-wife gave police about the 2007 incident were inadmissible as impeachment evidence under Rule 613, and he did not complain that the State had failed to properly follow the various procedural requirements of Rule 613 in examining Burch's ex-wife.

Before a written document containing a witness's inconsistent statement is admitted, Rule 613 of the Texas Rules of Evidence requires that the attorney first ask the witness about whether the witness made the inconsistent statement, and the attorney must also secure a denial from the witness about whether the witness

---

[5] The case had apparently been tried previously, but that trial resulted in a hung jury.

[6] The transcript of the trial that Burch's attorney referred to when he objected to the prosecutor's proffer of the statements at issue is not before us in the appeal. However, based on the statement that Burch's attorney made in arguing his objection, it appears that the reference he made was to the testimony of Burch's ex-wife in Burch's first trial over the charges that he assaulted Jamie. From the comments made by the trial court and counsel, the trial they were referencing ended in a mistrial.

made the prior inconsistent statement. *See id.* (providing that if the witness does not unequivocally admit having made a prior out-of-court statement, the trial court may admit the written statement when it is inconsistent with the witness's trial testimony). In the 2014 trial, Burch objected to the written statements of his ex-wife on the basis that they were not the "best evidence" of her prior statement and on the basis that the written statements were hearsay. Based on these objections, which did not address the failure of the prosecutor to follow the procedural requirements of Rule 613, the trial court admitted the written statements that Burch's ex-wife gave police in 2007 regarding the assaults that she had claimed at that time that Burch had committed against her.

In his appeal, Burch has not complained that the statements were inadmissible based on the "best evidence" and hearsay objections that he lodged to the written statements at trial. Instead, on appeal, Burch argues that although he lodged "best evidence" objections to the statements, it was apparent to the trial court that his actual objections concerned the prosecutor's failure to follow the procedures for impeaching a witness required in Rule 613 by first asking Burch's ex-wife—before questioning her about her written statements—if she was "denying what she said before." Nevertheless, Burch's complaints on appeal about the reasons the written statements were not admissible are inconsistent with the objections that he raised to the written statements during the trial.

8

The complaints Burch now raises for the first time to the admission of the written statements did not, in our opinion, place the judge on fair notice that his actual complaints concerned the prosecutor's violation of the requirements of Rule 613 of the Texas Rules of Evidence. Because Burch's best evidence and hearsay objections do not comport with the arguments that Burch advances in his appeal, we hold that Burch failed to preserve the arguments in his second issue for our review. *See Dixon*, 2 S.W.3d at 273; Tex. R. App. P. 33.1(a). Issue two is overruled.

## Extraneous Offenses

In issue one, Burch complains the trial court erred by admitting all testimony and documents indicating that in 2007, he had sexually assaulted his ex-wife.[7] In a hearing conducted shortly before Burch's ex-wife testified, Burch objected to her anticipated testimony (but not her written statements) on the basis that her testimony about the 2007 incidents would be more prejudicial than probative regarding the question of whether he was guilty of assaulting Jamie in 2008. *See* Tex. R. Evid. 404(b).[8] In the hearing, the State argued that the evidence was

---

[7] The evidence shows that Burch and his ex-wife were married when the alleged assaults occurred in 2007, but that they had divorced by the time the 2014 trial occurred.

[8] Rule 404(b) provides:

admissible because Burch had opened the door to the evidence by claiming that Jamie consented to Burch's request to have intercourse. At the conclusion of the hearing, the trial court indicated that Burch had opened the door to the evidence by claiming that the intercourse had been consensual, and found the probative value of the testimony from Burch's ex-wife regarding the 2007 incidents outweighed any prejudicial value the testimony might have on the jury. After the trial court overruled Burch's objection, Burch's ex-wife testified about the assaults that Burch allegedly committed in 2007. However, the testimony of Burch's ex-wife consists largely of her testimony explaining that she made the claims up to gain an advantage in the parties' impending divorce. During the hearing on Burch's 404(b) objection, and during his trial, Burch never asked that he be given a running

---

(b) **Crimes, Wrongs, or Other Acts.**

(1) *Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) *Permitted Uses; Notice in Criminal Case.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On timely request by a defendant in a criminal case, the prosecutor must provide reasonable notice before trial that the prosecution intends to introduce such evidence—other than that arising in the same transaction—in its case-in-chief.

Tex. R. Evid. 404(b).

10

objection regarding any evidence, including the statements, that related to the alleged 2007 assaults that Burch's ex-wife reported to police.

As explained in our resolution of issue two, Burch failed to preserve his complaints about the trial court's decision to admit the written statements that his ex-wife gave police. The written statements about the alleged assaults were detailed, and given that they were properly before the jury, Burch could not have been harmed by his ex-wife's equivocal testimony that also addressed the 2007 assaults. When a party allows substantially the same evidence to be admitted in a trial without securing a running objection to that evidence, he cannot show the harm required that is necessary to demonstrate that he is entitled to another trial. *See Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) ("Our rule . . . is that overruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling.").

We conclude that any error in admitting the testimony of Burch's ex-wife was rendered harmless given the detailed information about the alleged assaults that was before the jury though the ex-wife's written statements. *See Lane v. State*, 151 S.W.3d 188, 192-93 (Tex. Crim. App. 2004); 43A George E. Dix & John M. Schmolesky, *Texas Practice Series: Criminal Practice and Procedure* § 53:82 (3rd ed. 2011) ("The admission of improper evidence does not constitute reversible

11

error if the same facts were proved by evidence which was not objected to.")
(citation omitted). Burch has not raised any additional arguments in his appeal
complaining about the guilt-innocence phase of his trial. Therefore, we overrule
Burch's first two issues, and we affirm the judgment as to Burch's guilt.

Ineffective Assistance of Counsel

In issue three, Burch asserts that he was misled by the advice from his
attorney regarding whether the trial court, in deciding on his punishment, could
consider placing Burch on community supervision. According to Burch, the record
from his punishment hearing also reflects that the prosecutor and the trial court
were unaware that the trial court did not possess the discretion needed to consider a
punishment that would have resulted in the court placing him on community
supervision.

Following his trial, Burch filed a motion for new trial. In his motion, Burch
argued that his trial attorney had failed to properly advise him that only the jury
could consider recommending him for community supervision. Burch contends the
trial court was not empowered, without a jury's recommendation, to consider
placing him on community supervision. Burch's trial attorney filed an affidavit
supporting his motion, and the attorney's affidavit indicates that the attorney did
not appreciate that under Texas law, the judge could not consider placing Wilson
who was otherwise eligible for community supervision on community supervision

12

without the jury's recommendation that community supervision would be appropriate. Burch also filed an affidavit supporting his motion. Burch's affidavit asserts that he would have insisted on having a jury decide his punishment, had his trial attorney given him proper advice regarding how the jury was required to make the recommendation about community supervision. The trial court denied Burch's motion for new trial. We review rulings on motions for new trial under an abuse-of-discretion standard. *Riley v. State*, 378 S.W.3d 453, 457-58 (Tex. Crim. App. 2012).

As it must, the State concedes that Burch's attorney gave him incorrect advice about whether the trial court had the authority to place him on community supervision under the circumstances of this case that involved a sexual assault. *See* Tex. Penal Code Ann. § 22.011 (West 2011). Under section 3g of article 42.12 of the Texas Code of Criminal Procedure, a trial judge, without having a jury's recommendation to do so, may not order community supervision when a defendant is convicted by a jury of sexual assault. *Compare* Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(1)(H) (West Supp. 2015) (placing various limitations on a judge's authority to order community supervision in cases involving convictions for sexual assault), *and* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(d)(3(B) (West Supp. 2015) (restricting trial court's authority to act without a jury recommendation before placing defendants convicted of sexual assault on community supervision),

13

*with* Tex. Code Crim. Proc. Ann. art. 42.12, § 4 (West Supp. 2015) (authorizing juries to recommend that a defendant be placed on community supervision in cases where the jury convicted the defendant on a charge of sexual assault). According to the State, Burch's trial counsel "was therefore deficient by offering erroneous advice and by arguing in favor of an outcome for which [Burch] was statutorily ineligible."

In Burch's case, it is undisputed that Burch was eligible for being considered for community supervision had his punishment been decided by a jury. Additionally, it is undisputed that the advice Burch's counsel provided to Burch about punishment was advice that was not based on a valid trial strategy. *Riley*, 378 S.W.3d at 458-59; *Recer*, 815 S.W.2d at 731-32. We conclude that the trial court could not have reasonably denied Burch's motion for new trial on the basis that Burch failed to demonstrate that his attorney's services fell below an objective standard of reasonableness. *Id.*

Although the State concedes that Burch received ineffective assistance of counsel, the State argues that Burch should not be awarded a new punishment hearing because he has not shown that a jury would have given him a sentence different from the sentence he got from the judge. The standard of review for a claim of ineffective assistance of counsel is well established. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). Under *Strickland*, we determine whether

14

trial counsel's performance fell below an objective standard of reasonableness, and if so, whether there is a reasonable probability that the outcome would have differed but for counsel's errors. *Id.* at 687-88, 694. Reasonable probability is defined as a "probability sufficient to undermine confidence in the outcome." *Id.* at 694. To succeed on his claim, Burch must show that the results of the proceeding would have been different had he received accurate advice regarding the limitations on the judge's ability to place him on community supervision. As the Court of Criminal Appeals has explained:

> When the claim of ineffectiveness relies upon counsel's misunderstanding of the law regarding community supervision, there must be evidence that: the defendant was initially eligible for community supervision; counsel's advice was not given as a part of a valid trial strategy; the defendant's election of the assessor of punishment was based upon his attorney's erroneous advice; and the results of the proceeding would have been different had his attorney correctly informed him of the law.

*Riley*, 378 S.W.3d at 458 (citing *State v. Recer*, 815 S.W.2d 730, 731-32 (Tex. Crim. App. 1991)).

To obtain a new punishment hearing, Burch is required to show that the outcome of the proceedings would have been different had his attorney correctly advised on the judge's inability to consider giving him community supervision. In Burch's case, the outcome would have certainly differed in one respect—the jury, not the trial court, would have assessed Burch's sentence. While we cannot

15

determine what a jury might have ultimately recommended as to Burch's punishment, the evidence shows that Burch had never previously been convicted or charged by the State with any crimes. Additionally, the evidence during the punishment hearing indicates that Burch has been gainfully employed throughout the process, that he supports his child from his previous marriage, and that two of his relatives testified that Burch would be a good candidate for community supervision. Given the circumstances under which the jury determined that Jamie was assaulted, and given the punishment evidence in the record, we conclude that Burch was deprived of a meaningful opportunity by not having a factfinder who could consider placing him on community supervision. In these respects, Burch's case is factually distinguishable from *Riley*, 378 S.W.3d at 459.

We conclude that Burch has demonstrated that due to counsel's error, Burch was harmed by his decision to allow the judge, who could not consider community supervision, to assess his punishment. We are also not confident that the result that Burch achieved in his trial would not have been better than the seven-year sentence he received, given that the jury would have been required to consider the evidence and the arguments asserting that Burch was entitled to be placed on community supervision. *Id*. at 458. We sustain Burch's third issue, and hold the trial court abused its discretion as to awarding a new punishment hearing by denying Burch's motion for new trial. *See id*.

16

## Remaining Issues

In issue four, Burch argues that statements the trial court made during sentencing indicate that the court operated under a mistaken view on when Burch would become eligible for probation. According to Burch, had the trial court properly understood the parole laws, he would have received a lesser sentence. In issue five, Burch contends that the trial court should have conducted an evidentiary hearing on his motion for new trial. However, were Burch to prevail on these issues, he would only be entitled to a new punishment hearing. Because we have determined that a new punishment hearing is necessary, these two issues would not result in Burch gaining any additional relief; therefore, we need not consider them. *See* Tex. R. App. P. 47.1.

## Conclusion

In light of our resolution of Burch's first two issues, Burch's conviction for sexual assault is affirmed. Based on our conclusion that Burch received ineffective assistance, we reverse the judgment as to punishment and remand the cause to the trial court for a new punishment hearing. *See* Tex. R. App. P. 43.2(a), (d); Tex. Code Crim. Proc. Ann. art. 44.29(b).

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

_____
HOLLIS HORTON
Justice

Submitted on September 22, 2015
Opinion Delivered August 24, 2016
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.