# NOS. 12-18-00360-CR
# 12-18-00361-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TIMOTHY WAYNE WASHINGTON, APPELLANT* | § | *APPEALS FROM THE 392ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Timothy Wayne Washington appeals his convictions for murder and aggravated assault with a deadly weapon. In two issues, Appellant argues that the trial court erred by denying his motions for continuance and new trial. We affirm.

## BACKGROUND

Appellant was charged by indictment with murder, aggravated kidnapping, and three counts of aggravated assault with a deadly weapon, enhanced by a prior felony conviction. Before trial, the State abandoned one of the aggravated assault counts. Appellant pleaded "not guilty" to the remaining charges, and the matter proceeded to a jury trial.

At trial, the evidence showed that Appellant and his wife, Melissa Washington, were separated. One night, Appellant learned that Melissa went to a certain address. Appellant took the couple's three young children to the address and text messaged Melissa. Moments later, Melissa and her coworker Mark Armick stepped outside the home. Almost immediately, Appellant fired a .357 handgun in their direction, hitting Armick in the upper torso. Appellant, Melissa, and the children left in Appellant's vehicle and were soon stopped by the police. Armick died from his wound.

Ultimately, the jury found Appellant "guilty" of murder and one count of aggravated assault and "not guilty" of the other count of aggravated assault and aggravated kidnapping. Appellant pleaded true to the enhancement paragraph, and the trial court assessed his punishment at imprisonment for forty years in the murder case and fifteen in the aggravated assault case. This appeal followed.

## MOTION FOR NEW TRIAL

In Appellant's first issue, he argues that the trial court erred by denying his motion for new trial based on his allegation that his trial counsel required him to commit perjury.

### Standard of Review and Applicable Law

A trial court has the authority to grant a new trial in the interest of justice. *State v. Herndon*, 215 S.W.3d 901, 906 (Tex. Crim. App. 2007). Legal grounds for which a trial court *must* grant a new trial are listed in rule of appellate procedure 21.3:

> (a) except in a misdemeanor case in which the maximum possible punishment is a fine, when the defendant has been unlawfully tried in absentia or has been denied counsel;
> (b) when the court has misdirected the jury about the law or has committed some other material error likely to injure the defendant's rights;
> (c) when the verdict has been decided by lot or in any manner other than a fair expression of the jurors' opinion;
> (d) when a juror has been bribed to convict or has been guilty of any other corrupt conduct;
> (e) when a material defense witness has been kept from court by force, threats, or fraud, or when evidence tending to establish the defendant's innocence has been intentionally destroyed or withheld, thus preventing its production at trial;
> (f) when, after retiring to deliberate, the jury has received other evidence; when a juror has talked with anyone about the case; or when a juror became so intoxicated that his or her vote was probably influenced as a result;
> (g) when the jury has engaged in such misconduct that the defendant did not receive a fair and impartial trial; or
> (h) when the verdict is contrary to the law and the evidence.

*See* TEX. R. APP. P. 21.3. A trial court *may* grant a motion for new trial on other legal grounds as well. *Herndon*, 215 S.W.3d at 907. A trial court should not grant a motion for new trial if the defendant's substantial rights were not affected. *Id.* at 908.

An appellate court reviews a trial court's denial of a motion for new trial for an abuse of discretion, reversing only if the trial judge's opinion was clearly erroneous and arbitrary. *Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012) *overruled on other grounds by Miller v. State*, 548 S.W.3d 497, 498 (Tex. Crim. App. 2018); *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim.

App. 2006). A trial court abuses its discretion if no reasonable view of the record could support its ruling. **Riley**, 378 S.W.3d at 457. This requires the appellate court to view the evidence in the light most favorable to the trial court's ruling. **Id.** The trial court is the sole factfinder and judge of the appellant's and counsel's credibility at a motion for new trial hearing, both during live testimony and in affidavits. **Id.** at 459. The appellate court must not substitute its own judgment for that of the trial court and must uphold the trial court's ruling if it is within the zone of reasonable disagreement. **Id.** at 457.

## Analysis

After Appellant was convicted and sentenced, he filed a motion for new trial alleging that his rights to counsel, due process, trial by jury, and to testify in his own behalf under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution were violated when his trial counsel required him to perjure himself. *See* U.S. CONST. amends. V, VI, XIV. Appellant further alleged that the jury's verdict is contrary to the law and evidence. *See* TEX. R. APP. P. 21.3(h).

In his affidavit, Appellant claimed that before he testified, his trial counsel, Samuel Smith, gave him a "script" consisting of the questions Smith would ask Appellant on the witness stand and the responses he expected from Appellant. According to the affidavit, Appellant called and left messages for Smith on the Sunday before he was to testify informing him that the script's response concerning his location at the time of the shooting was incorrect. When Smith visited him the next day, Appellant explained that the script's location would lead to an inference that Armick was turning away from Appellant when he was shot. Smith became angry and told Appellant, "No, it will work. It will be okay," while Appellant said repeatedly, "I do not want to lie. That is not what happened." Smith further directed Appellant to falsely testify that Melissa put the gun in his truck that day, and that after the shooting, Appellant cleared the gun's chamber inside Armick's residence in front of Melissa—where an unspent bullet was found—rather than outside where Appellant claims he cleared it. On the day of Appellant's testimony, he spoke with Smith again and told him that he was not comfortable lying on the witness stand and wanted to tell the truth. Smith became upset and told him, "Do not change my strategy. Just say what I gave you to say. Just trust me." Appellant then perjured himself by testifying as Smith dictated and now believes this caused the jury to find him guilty. Appellant testified similarly to his affidavit at the hearing on the motion.

Smith filed an affidavit stating that Appellant's story evolved throughout his representation of him. Appellant would appear to have memory loss about important events, such as making certain statements to the police. He frequently contradicted his own prior statements and failed to acknowledge the contradictions even when shown his prior statements in writing. Before Appellant testified, Smith gave him a list of questions and the responses Appellant gave him over the course of his representation. The document stated twice that Appellant must answer all questions in court honestly. Smith provided Appellant a copy to correct, change, or add to the responses if necessary. Appellant did so and brought the edited document to court when he testified. Smith denied telling Appellant that he must only respond with the answers in the document. Further, he asserted that Appellant did not testify exactly as the document was written. Smith testified similarly to his affidavit at the hearing on the motion. After the hearing, the trial court denied the motion for new trial.

On appeal, Appellant contends that the trial court erred by denying his motion for new trial because his rights to counsel, due process, trial by jury, and to testify in his own behalf under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution were violated when his trial counsel encouraged him to perjure himself. We disagree.

First, Appellant points to no authority, and we know of none, that entitles him to a new trial based on his own alleged perjury. *See* TEX. R. APP. P. 38.1(i) (requiring brief to contain clear and concise argument with appropriate citations to authorities). Such an allegation does not give rise to a situation in which the trial court must grant a new trial. *See* TEX. R. APP. P. 21.3. Second, the trial court was not required to believe Appellant's allegations that he perjured himself and that he did so at Smith's insistence. *See* ***Riley***, 378 S.W.3d at 459. As sole factfinder and judge of the witnesses' credibility, the court could have reasonably found Smith's account more credible and, in doing so, determined that Appellant was not entitled to a new trial. *See **id.***

Because a reasonable view of the record exists that supports the denial of the new trial motion, we cannot conclude that the trial court abused its discretion by denying the motion. *See* ***Riley***, 378 S.W.3d at 457. Accordingly, we overrule Appellant's first issue.

## MOTION FOR CONTINUANCE

In Appellant's second issue, he argues that the trial court erred by denying his motion for continuance based on his receipt of a large amount of discovery shortly before trial.

**Standard of Review and Applicable Law**

The Texas Legislature set forth the requirements for a motion for continuance in Articles 29.03 and 29.08 of the Texas Code of Criminal Procedure. *Anderson v. State*, 301 S.W.3d 276, 278-79 (Tex. Crim. App. 2009). Article 29.03 states that "[a] criminal action may be continued on the written motion of the State or of the defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion." TEX. CODE CRIM. PROC. ANN. art. 29.03 (West 2006); *Anderson*, 301 S.W.3d at 279. Article 29.08 provides that "[a]ll motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance." TEX. CODE CRIM. PROC. ANN. art. 29.08 (West 2006); *Anderson*, 301 S.W.3d at 279.

The grant or denial of a motion for continuance is within the sound discretion of the trial court. *Renteria v. State*, 206 S.W.3d 689, 699 (Tex. Crim. App. 2006). To establish reversible error based on the denial of a pretrial motion for continuance, an appellant must show that the trial court erred in denying the motion and that the lack of a continuance harmed him. *Gonzalez v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010). A trial court may abuse its discretion when the denial of a motion for continuance results in representation by unprepared counsel. *See Heiselbetz v. State*, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995). However, to find an abuse of discretion for the denial of a motion for continuance, there must be a showing that the defendant was prejudiced by his counsel's inadequate preparation time. *Id.* A bare assertion that counsel did not have adequate time to investigate discovery for potential mitigating evidence without a showing of harm does not establish prejudice. *See id.* at 512.

**Analysis**

The record in this case shows that on May 9, 2018, the parties announced that they were ready for the trial setting of May 21. On May 10, the State provided Appellant a DVD recording of 281 jail phone calls from Appellant to Melissa. On May 17, the State provided Appellant two CD-R recordings of 998 jail phone calls from Appellant to other family members and a zip drive containing a 12,188-page cell phone dump report. On May 18, Appellant filed a motion for continuance requesting an additional thirty days to review the materials. A hearing was held the same day. At the hearing, Appellant expressly did not object to the State's use of the phone calls given to him on May 10. Regarding the materials he received May 17, Appellant asserted that he wanted to investigate them for the purposes of cross-examination, impeachment, and subpoenaing additional witnesses. The trial court noted that Appellant knew about the phone calls and their

5

substance because he was a party to them. The State advised the court Appellant also knew that the calls were recorded because jail inmates are informed of this at the beginning of each phone call. The trial court denied the motion for continuance but granted a motion in limine regarding the May 17 discovery. The State did not use any of this discovery at trial.

On appeal, Appellant argues that the trial court erred by denying the continuance because the denial deprived him of his rights to effective assistance of counsel and to confront and cross-examine witnesses, and that such denial of rights constitutes a specific prejudice to his defense. We disagree.

Appellant has failed to carry his burden of showing how the trial court's error, if any, prejudiced his defense. He identifies no additional witnesses he would have called if he were granted a continuance and no additional questions he would have asked the witnesses who testified. The law requires more than speculation to justify an appellate reversal of a case for a trial court's failure to grant a continuance. *See Renteria*, 206 S.W.3d at 702. Appellant's bare assertion that counsel did not have adequate time to investigate the discovery for potential mitigating evidence without a showing of harm does not establish prejudice. *See Heiselbetz*, 906 S.W.2d at 512. Therefore, he fails to demonstrate reversible error. *See Gonzalez*, 304 S.W.3d at 843. Accordingly, we overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgments.

**BRIAN HOYLE**
Justice

Opinion delivered March 31, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 31, 2020**

**NO. 12-18-00360-CR**

**TIMOTHY WAYNE WASHINGTON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. CR17-0368-392)

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 31, 2020**

**NO. 12-18-00361-CR**

**TIMOTHY WAYNE WASHINGTON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. CR17-0370-392)

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*